JENNIE LEWIS *vs.* MORRIS K. DWINELL.

Kennebec.    Opinion May 28, 1892.

*Physician.    Actionable Negligence.*

The failure of a physician of ordinary skill to discover a serious rupture of the perineum after repeated examinations for the purpose *is held* actionable negligence.

ON MOTION.

This was an action tried at the September term of the Superior Court, for Kennebec county, 1890, and a verdict of four hundred and fifty dollars was given the plaintiff for alleged malpractice of the defendant, a physician, in a case of obstetrics. The plaintiff proved that she was under the professional care of the defendant from February 10, 1889, the date of her confinement, until March 25th following ; and alleged that she sustained a rupture of the perineum through the defendant's negligent and unskillful treatment ; also that he failed to make the proper examination in order to discover the laceration, or repair the same as he should have done. The evidence disclosed that inflammation of the cellular tissue of the pelvis ensued, which confined the plaintiff to her bed for several months, and caused her great suffering.

*W. T. Haines,* for plaintiff.

*Webb, Johnson and Webb,* for defendant.

HASKELL, J.    No suggestion of error or misdirection on the part of the presiding justice is made, but the case is presented upon a report of the evidence ; so the only consideration is whether the verdict is supported by the weight of evidence, and

that depends upon what testimony was believed by the jury, and whether they were justified in believing it.

It is a common learning that the credit to be given witnesses is a matter peculiarly suited for a jury to decide. They see them upon the stand, note their appearance and observe many indications of truth or falsehood, accurate memory or indistinct and unreliable impressions, helps wholly wanting in the perusal of cold type.

It is not disputed that the plaintiff, at some time, suffered, at child-birth, a severe rupture of the perineum; but it is denied that it occurred while she was under the professional care of the defendant. However that may be, he either failed to discover the lesion while she was under his care during her sickness at and for some weeks after the birth of her last child, or discovering it, concealed it from her.

If the plaintiff's story be true, she repeatedly complained to the defendant of local suffering, and, after repeated examinations, he assured her that she was "all right." The last examination was some four weeks after the birth of the child.

Although it cannot be surely asserted that the plaintiff's rupture was received at the birth of her last child, yet much of the evidence sustains that view, and it cannot be considered that the jury erred in finding that fact to have been proved.

If the defendant knew of the rupture and concealed it from the plaintiff, neither taking measures for its repair or relief himself, nor giving an opportunity for other professional skill to be employed, little can be said in his excuse. But, if the defendant neither discovered the lesion, nor had any knowledge of it, a different question arises. Was he professionally negligent in his examinations? He was a physician of seven years' practice, a graduate of Boston University, and must have possessed that ordinary skill and learning required in such cases. His failure then to discover, after repeated examinations, the serious injury from which the plaintiff was suffering, must be held to be actionable negligence. Reasonable attention from a physician of ordinary intelligence would have discovered so palpable an injury.

Other complications may have caused or increased much of

the plaintiff's suffering. Damages in that behalf are not chargeable to the defendant's negligence; but the verdict is moderate and cannot be considered excessive compensation for the suffering caused by the defendant's failure to exercise that degree of care and skill required from one assuming to practice the healing art.

*Motion overruled.*

PETERS, C. J., VIRGIN, LIBBEY and FOSTER, JJ., concurred.