GRUBB *v.* AUBURN HOTEL ET AL.

[No. 13,911.  Filed April 22, 1931.  Rehearing denied August 13, 1931.  Transfer denied May 18, 1933.]

*Eggeman, Reed & Murphy* and *James P. Murphy,* for appellant.

*Leonard, Rose & Zollars, Howard W. Mountz* and *Walter D. Stump,* for appellees.

CURTIS, J.—Clare Grubb, appellant herein, brought this action against Auburn Hotel, a corporation, and Rolland Muhn, appellees herein, to recover damages for personal injuries alleged to have been received due to appellees' alleged violation of Section 4441, Burns 1926, ch. 236, Acts 1911, p. 597. The appellant's amended complaint is as follows: "Comes now the plaintiff in the above captioned action, and for amended complaint against the defendants and each of them herein, jointly and severally avers and alleges:

"That on the 24th day of June, 1927, and for a long time prior thereto, and ever since said date, the defendants, Auburn Hotel, was and is a corporation, organized and existing under the laws of the State of Indiana, and as such owns, controls, operates and manages a hotel in Auburn, DeKalb County, Indiana.

"That on the 24th day of June, 1927, the defendant, Rolland Muhn, was and now is engaged in the business of general structural contracting in the State of Indiana and in and about Auburn, DeKalb County, Indiana.

"That at all the times herein mentioned, the plaintiff is and was a married man of the age of twenty-six (26) years and previous to the 24th day of June, 1927, was engaged in the business of electrical contracting in Auburn, DeKalb County, Indiana.

"Plaintiff further alleges that the defendant, Auburn

Hotel, owns certain real estate in Auburn, Indiana, upon which it had erected and constructed a building wherein it now operates its said hotel; that some time previous to the 24th day of June, 1927, the date being to plaintiff unknown, said Auburn Hotel was engaged in having erected and constructed, an addition to its said building, said addition being three (3) stories in height above the ground level, and under which said addition there was and is a basement or excavation of said structure and the construction of said addition was done or being done by Rolland Muhn as general contractor for and on behalf of the defendant, Auburn Hotel; that on June 24th, 1927, said excavation had been completed and the framework of said structure or addition including the floor joists and the placing of rafters for the roof of said addition; that said defendants had exclusive management and control of the excavation for and the erection of said addition and all work and repair incident thereto.

"That on or about the 30th day of April, 1927, the defendant, Auburn Hotel, entered into a contract with this plaintiff, under the terms and provisions of which the plaintiff was to do the wiring for electrical fixtures and telephone service in said structure or addition. That the plaintiff had, previous to the 24th day of June, 1927, personally entered upon the performance of the work contemplated by said contract and was on and previous to said day and date engaged in and about his work and labors in said structure, and on each and every floor thereof, including said basement or excavation; that these facts were well known to the defendants and each of them, and could, and in the exercise of care, should have been known to them and each of them; that the defendants and each of them knew, or in the exercise of care could and should have known that plaintiff's labor and work as a workman in and about said

structure and the basement thereof, required him to
be on the various floors or stories of said addition, and
defendants and each of them could and should have
provided for staging or other protection for the benefit
of the plaintiff, and could or should have required floor-
ing or other protection be furnished and maintained on
each and every story of said structure.

"Plaintiff further alleges that on the 24th day of June,
1927, the excavation for said addition had been com-
pleted and that a tier of steel beams or joists were
placed above said excavation and upon which said tier
of steel beams or joists a cement floor had been placed;
that said tier of beams constituted the ceiling above
said excavation and was the ground level of said struc-
ture or addition, and the first story thereof; that on
said date there had been placed horizontally above said
first story, a second tier of steel beams which were
approximately three feet apart and which said second
tier of steel beams was the second story of said struc-
ture; that on said second tier of steel beams there had
been placed a covering known and described as metal
lath, which said lath extended over the second floor
and was insecurely and negligently attached to said
steel trusses or joists on said second story; that said
lath was hooked into said joists for the sole and exclu-
sive purpose of pouring concrete or cement in and
upon same and furnishing the means of holding and
binding said cement or concrete to said trusses or steel
beams until said concrete or cement dried and hard-
ened; that said metal lath was light in quality and
flimsy, and before being placed on said floor, had been
exposed to the elements of weather; that said metal
lath would not support the weight of an ordinary or
average human body; that at said time and while said
second story was prepared as aforesaid and before any
cement or concrete was poured thereon, and without

any flooring or protection being laid or maintained thereon, the third story of said structure or addition had been completely erected and constructed.

"Plaintiff further alleges that at the time mentioned, no flooring, staging or other protection was laid, maintained or provided on said second tier of beams, floor or story above said excavation as provided by law, except said metal lath, which said metal lath was insufficient as aforesaid; that it was the duty of the defendant, Rolland Muhn, as the general contractor of structure or addition, and required of him by law as such general contractor to provide and maintain flooring, staging or other protection on said second tier of steel beams, floor or story before commencing the erection of said third story; that it was likewise the duty of the defendant, Auburn Hotel, and by law required of it, to see and to require that such flooring, staging or protection be laid, maintained and furnished by its said general contractor, Rolland Muhn, before said general contractor erected or constructed said third story of said structure or addition.

"Plaintiff avers that on the 24th day of June, 1927, and while engaged in his work in said structure or addition, and as aforesaid, it was necessary for him to drill or bore a hole into one of the walls of said structure six feet above the tier of beams forming the second story or floor; that in order to reach the point on said wall where said hole was to be drilled, plaintiff was required to and did employ and use a stepladder for that purpose; that before using said stepladder, and before ascending the same, plaintiff nailed a board approximately three feet long and six inches wide to the front feet of said stepladder, which said board so nailed as aforesaid formed a step at the bottom of said stepladder; that plaintiff then rested said ladder against the wall at an angle of about seventy degrees upon one

of the steel beams or joists on the second floor, and over said metal lath and nailed said board onto the wooden plugs placed in said beam to hold and secure the metal lath thereto attached; that plaintiff before using said stepladder tested the same and finding it secure, ascended to the third and fourth step thereof, being three or four feet above the tier of beams forming the second story or floor, and proceeded with his work, and while so engaged the stepladder upon which he was at work slipped backward, throwing plaintiff therefrom and onto the metal lath, which said metal lath tore and split from the weight of plaintiff's body, permitting him to fall through same and to the floor below as a result of which plaintiff sustained injuries to his mind and body, and as hereinafter fully stated.

"Plaintiff alleges that defendant, Rolland Muhn, unlawfully and in violation of law, erected said third story of said structure or addition without placing flooring, staging or other protection on the tier of beams of the second floor or story that no flooring or protection of any kind was placed on said second floor, as by law required; that no flooring, staging or protection of any kind was maintained upon said second story, all of which could and should have been done; that said metal lath was insufficient and unsuitable as a protection or flooring, and was not meant or intended as a floor or protection, but was intended for the use as aforesaid; that the defendant, Auburn Hotel, unlawfully and in violation of law, permitted and allowed its said general contractor, Rolland Muhn, to erect said third story without seeing and without requiring that flooring, staging or other protection be laid and maintained on said second floor or story, and unlawfully and in violation of law permitted and allowed the said contractor, Rolland Muhn, to erect said third story of said addition or structure without maintaining any flooring,

staging or protection of any kind on said second story or floor, all of which could and should have been done.

"Plaintiff alleges that as a direct and proximate result of defendant's unlawfulness and violation of law as aforesaid, and without fault or negligence on the part of the plaintiff, he sustained severe, lasting and permanent injuries as follows." Here follows a description of the injuries and the prayer of the complaint, neither of which is necessary to be set out in this opinion.

To this amended complaint each defendant filed a demurrer for want of sufficient facts and each filed a memorandum with said demurrer. The second and third specifications of each memorandum are identical and are as follows: (2) "That facts stated in the amended complaint do not disclose any violation of any statutory duty on the part of this defendant owing by it to the plaintiff. (3) It appears from the allegations in the amended complaint that in the building in which the plaintiff was working at the time of his injury the floor had been constructed and laid one story below where plaintiff was working and that at the place where plaintiff was working there was not below him a height of more than two stories of said building or two tiers of beams which were not protected by flooring. There was therefore no violation of any statutory duty on the part of this defendant toward the plaintiff as the statute for the protection of workmen in dangerous occupations allows two stories or tiers of beams to remain unprotected during the work of construction of buildings. It appears from the allegations of the amended complaint that the fact that said building had a third story in process of construction in no way proximately caused or contributed to plaintiff's injury, it being alleged that he was working in and upon the tiers of beams of the second story of said building and fell

from that position only to the floor of the first story."

The court below sustained each demurrer to which appellant excepted and refused to plead further, whereupon the court rendered judgment for appellees. From this judgment, the plaintiff appeals. The errors assigned and relied upon for reversal are: (1) The court erred in sustaining the separate demurrer of appellee, Auburn Hotel, to appellant's amended complaint; (2) the court errer in sustaining the separate demurrer of appellee, Rolland Muhn, to appellant's amended complaint; and (3) the judgment is contrary to law.

It is conceded by appellant that his amended complaint does not make a case entitling him to recover at common law and that it is based entirely upon an alleged violation of §4441, Burns 1926, Acts 1911, ch. 236, p. 597, and especially an alleged violation of Section 2 thereof. It is also conceded that the appellant was an independant contractor, employed by the owner of the real estate to place wires for electric and telephone service in a three-story building in the course of construction. Appellee Rolland Muhn was the general contractor in the construction of said building, but did not have the contract to do the work which appellant was employed to do.

The sole question presented by the first five specifications in the memorandum filed with each demurrer is whether or not the appellant, an independent contractor, employed by appellee, Auburn Hotel, owner of the building in question, to place wires for electric and telephone service in a three-story building in the course of construction, is entitled, under his amended complaint, to maintain an action and to recover damages from such owner or from the general contractor because of personal injuries sustained by him while engaged in doing such wiring work, as an independent contractor, through the alleged failure of both the

owner and the general contractor to obey the provisions of §4441, *supra,* and especially Section 2 thereof.

The section in question is as follows: "It shall be unlawful . . . to begin the erection of any floor or story *above the second story or floor from the ground or excavation until a flooring, staging or protection shall have been laid or placed on the second tier of beams or story from* the excavation or ground level or to continue the erection or construction of such building *more than two stories* or tier of beams above such flooring or protection. Flooring, staging or protection shall at all times be laid and maintained *to within the second story or floor below where workmen are engaged,* and in no instance, shall workmen be employed *more than twenty-five feet above any* flooring, staging or protection." (Our italics.)

It clearly appears from the amended complaint that the appellant at the time of his injury was attempting to bore a hole in the wall about six feet above the floor of the second story of the building under construction and that for the purpose of reaching the point where he was intending to work, he had placed the top of a stepladder against the wall with its feet resting on one of the steel beams or girders which were to carry the floor of the second story and had ascended the ladder to a point three or four feet above the beam or girder when the stepladder slipped and he fell through the opening between the beams to the permanent cement floor of the first story of the building; that the place where the appellant was working and from which he fell was entirely within the second story of the building; that there was no temporary floor in the second story. It is admitted that the distance from the cement floor to the beams or girders above from which appellant fell was much less than twenty-five feet.

Appellant contends that although there was a per-

manent cement floor immediately above and forming the ceiling of the basement and also the ground floor and first floor, yet the statute required a temporary floor in the second story or the next above such permanent floor. If the statute requires such a temporary floor, then the ruling of the court below is erroneous in sustaining each demurrer, unless the sixth specification in the memorandum of demurrer of appellee, Auburn Hotel Company, which we consider later is availing. We are of the opinion that the ruling of the lower court is correct upon the two specifications in the demurrers above set out.

There may be some ambiguity of expression in Section 2 of the act, but when the entire act is considered, as it must be, it is clear that it requires flooring, staging or protection to be provided at every other floor as the building progresses and permits every other floor to be open, provided, however, the space between such floors does not exceed more than twenty-five feet. If this construction of the act is correct, it necessarily follows that the complaint does not bring the case within the statute since the next story below the one in which appellant was working was floored with a permanent cement floor and he fell, therefore, through only one open floor.

The legislative intention is to be kept in view in construing and applying a statute. This legislative intent, however, is to be ascertained by an examination of the whole, as well as the separate parts of the act and when so ascertained, the intention will control the strict letter of the statute or the literal import of particular terms or phrases. *Steiert* v. *Coulter et al.* (1913), 54 Ind. App. 643, 102 N. E. 113, 103 N. E. 117.

When all of the provisions of the act are considered, it is manifest that it was the intention of the legisla-

ture to require temporary floors or protection at every other floor of the building under construction, and that it is not a violation of the act to leave every other floor open.

The act requires the flooring or protection to be placed on the second tier of beams *from* the ground level or excavation. The first tier of beams from the ground level would be the beams constituting a part of the floor of the second story and the second tier of beams from the ground level or excavation would be the tier of beams constituting a part of the floor of the third story. We are aware that the word *from* may be construed to include the starting point. To hold that it is used in the inclusive sense in this statute would be equivalent to construing the act to require a floor or protection at the floor of the second story of the building, something that is not required anywhere else throughout the construction of the entire building. It cannot be doubted that after the third story is reached, the builder is required to provide protection only at each alternate floor, unless the space between such floor is greater than twenty-five feet. The fair construction of the act upholds the contention that the word *from* was used in the exclusive sense and that it excluded the starting point, which is the ground floor in the instant case. The word *from* is a term of exclusion, unless by necessary implication it is used in a different sense. *From* an object excludes the terminus referred to. That construction is the plain and ordinary use of the word. See *State* v. *Bushey* (1892), 84 Me. 497, 24 Atl. 940; *Wells* v. *Jackson Iron Mfg. Co.* (1869), 48 N. H. 491, 538.

Appellant, in his brief, concedes that the place from which he fell was only about fifteen feet above the permanent cement floor. His amended complaint contains

no allegation that he was working more than twenty-five feet above the permanent cement floor upon which he fell.

Having arrived at the conclusion that appellant's complaint fails to state a cause of action against either of the appellees as tested by said specifications numbered 2 and 3, we are not called upon to decide as to its sufficiency as to appellee Auburn Hotel, as tested by the sixth specification of its demurrer.

Affirmed.