### GLAZIER v. VAN SANT et al.
### No. 471.

District Court, W. D. Missouri, W. D.
April 26, 1940.

Henry M. Shughart, of Kansas City, Mo., for plaintiff.

Rosenberg & Brenner, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendants have filed separate motions to dismiss the above action on the several grounds of misjoinder of parties and defective service of process. The defendant motor carrier was engaged as a common carrier over irregular routes in Missouri, Kansas and Oklahoma. It had authorized the Secretary of State under a Missouri statute to receive service for it. The defendant Indemnity Insurance Company of North America, a corporation, was engaged in the insurance business and had authorized the Superintendent of Insurance of the State of Missouri to receive service for it. Both of these defendants were also licensed in the state of Oklahoma.

In the latter state plaintiff claims that he was injured by reason of the negligence of a driver for the defendant motor carrier. The defendant insurance company was an insurance carrier and had filed with the Corporation Commissioner of the State of Oklahoma its undertaking to insure the defendant motor carrier against liability arising by reason of the negligence of its employees as well as for other claims. The plaintiff says that it was engaged as above stated on November 15, 1939.

Claiming that he was a resident of the state of Missouri, plaintiff brought suit against the two defendants jointly and attempted to obtain service as above stated. The plaintiff insists that the service was good, and that there is no misjoinder of parties.

These contentions will be considered.

1. On the subject of misjoinder of parties, an examination of the Oklahoma statute and decisions indicates that in a situation similar to this a claimant may sue jointly the motor carrier as well as the insurance company assuring it against damages for negligence. While the statute does not appear to contemplate such procedure, yet nevertheless, the statute has been so construed by the courts of Oklahoma as to confer the right.

Accordingly, it must be held in this case that the joint suit against the two defendants was proper, although such a procedure is not recognized in the state of Missouri upon claims arising within the state. Mosby v. Manhattan Oil Co., 8 Cir., 52 F.2d 364, 77 A.L.R. 1099.

2. On the question of the residence of the plaintiff, affidavits have been submitted by both parties. Plaintiff subscribed and swore to an affidavit on the 1st day of March, 1940, wherein he set forth in detail his right to assert residence at Kansas City, Missouri. However, on the next day; that is to say, on March 2nd, 1940, the plaintiff appeared in the office of the County Treasurer of Crawford County at Girard, Kansas, and made application for a certificate of title to an automobile, and also made out an application for automobile registration. In these applications he gave his address as 108 E. Howard Street, Girard, Kansas. He had bought the automobile the day before in Kansas City from the Kansas City Auto Sales Company.

Other affidavits show that the plaintiff's name appeared on the registration of the Elector's Book of the First Ward in the City of Girard, Kansas, for the general election of November 8, 1938. The address given on the registration book was 108 E. Howard Street, Girard, Kansas.

On the 25th day of March, 1939, Bertha Glazier, acting for the plaintiff, filed a personal property statement, and at that date the address of the plaintiff was given as 108 E. Howard Street, Girard, Kansas.

On the other hand, plaintiff offered Union cards and other matters which would tend to show that he was a resident of Kansas City, Missouri. However, the fact that he is registered to vote at Girard, Kansas, and the fact that his wife or sister made property statement for taxation purposes in the year 1939, and his act in seeking a license for an automobile acquired in Kansas City, Missouri, at Girard, Kansas, would indicate that he still regarded Girard, Kansas as the place of his residence.

Upon the affidavits, therefore, I find that he was such a resident.

3. On the question of service, both the statutes above mentioned are designed to enable residents of the state to sue and obtain jurisdiction of the individual by constructive service. Even a resident, however, is not entitled to the benefit of these statutes unless the cause of action arose in Missouri, as in the case of the motor carrier, or unless the provisions of the insurance contract afforded to the resident some rights.

Since the plaintiff is not a resident of Missouri and in view of the fact that neither the action accrued in Missouri nor was the policy of insurance issued in Missouri, the plaintiff is not entitled to the benefit of such statutes.

4. It is contended by the plaintiff that the motion to dismiss upon the ground of a misjoinder of parties subjects the defendants to the jurisdiction of the court as being tantamount to an appearance. As indicated, the motion also challenges the service, and there is a recital that a special appearance was made for that purpose.

Formerly it was the law that such a demurrer and appearance would waive jurisdiction over the person and this court has so held. Such ruling, however, was made before the adoption and promulgation of the Rules of Civil Procedure for the District Courts, 28 U.S.C.A. following section 723c. Now, by subparagraph (b) of Rule 12, the defendant is entitled to present a motion to dismiss for: "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

In view of this clear change of the former rule in such cases, the defendants by their motions did not waive their objections, and accordingly the motions to dismiss should be sustained. It will be so ordered.