## Benjamin L. Emerson v. Clifford J. Carrier

(125 A2d 822)

May Term, 1956.

Present: Jeffords, C. J., Cleary, Adams and Hulburd, JJ., and Sylvester, Supr. J.

Opinion Filed October 2, 1956.

*Bloomer & Bloomer* for the plaintiff.

*Clayton H. Kinney* and *George W. F. Cook* for the defendant.

**Sylvester, Supr. J.** This is an action of tort against a non-resident to recover for personal injuries and property damage resulting from an accident occurring on April 4, 1953.

The defendant entered his special appearance, and seasonably filed a motion to dismiss. The motion to dismiss was grantted and judgment was entered for the defendant to recover his costs. The case comes to this court on plaintiff's exception to the granting of defendant's motion.

Defendant's motion to dismiss challenges the sufficiency of the declaration for its failure to allege that the cause of action or the accident in question occurred in the State of Vermont, thus entitling the plaintiff to make service under §10,062, V. S. 47, as amended by No. 209 of the Public Acts of 1951.

Service was in compliance with sections 10062-10063, as amended. So we are concerned only with the sufficiency of plaintiff's complaint insofar as it has to do with the situs of the accident.

The complaint alleged *** "that on, to wit, the 4th day of April 1953, the plaintiff was operating a certain Fraser automobile of great value, to wit, of the value of $1500., and he was traveling over and along the highway leading from New Hampshire to Ascutney, Vermont, and he was traveling in a westerly direction. And the defendant Carrier was operating and in control of a certain Chevrolet automobile and he was traveling from Ascutney, Vermont towards New Hampshire, being the road that leads from Ascutney, Vermont to Claremont, New Hampshire, where the defendant at that time was living."

Having thus described the highway, the road and the directions in which the two vehicles were proceeding, the plaintiff did not go on to allege where the two vehicles met and collided. There were no other or further averments concerning the location of the accident.

In effect, we have a plaintiff who was traveling on a highway leading from New Hampshire to Vermont and a defendant who was traveling on a road leading from Vermont to New Hampshire. These two motorists apparently approached one another and were in collision; the complaint fails to allege where.

Being confronted with such a declaration, the defendant moved to dismiss; the pertinent part of said motion reads as follows:

*** "Nor that the accident referred to in plaintiff's complaint occurred within the limits of the State of Vermont, nor that this action was one growing out of an accident or collision in which the defendant was involved while operating or causing to be operated a motor vehicle in this State, nor in fact did said accident occur within the limits of the State of Vermont."**

This motion is to be considered in the light of V. S. 47, §10062. which, as amended, provides:

"Sec. 10,062. *Commissioner to be process agent of person.* The acceptance by a person of the rights and privileges conferred upon him by this and the following title, as evidenced by his operating, or causing to be operated, a motor vehicle in this state, shall be deemed equivalent to an appointment by such person of the commissioner, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against such person growing out of any accident or collision in which such person may be involved while operating or causing to be operated a motor vehicle in this state. Such acceptance shall be deemed to be the agreement of such person that any process against him which is so served upon the commissioner shall be of the same legal force and validity as if served on the person personally."

Similar statutes providing for constructive or substituted service of process on non-resident motorists are now in force in nearly all the states. We may take judicial notice of the reasons leading to the enactment of the statute above quoted in this state as well as similar statutes in other states; of the appalling loss of life, and injuries to persons and property, occurring on our highways in consequence of the operation of motor vehicles; of the numerous cases involving so-called foreign cars; and of the purpose of the statute to protect travelers on our highways, and to encourage greater care in

the operation of motor vehicles, by providing an effective civil remedy for liability against the owner or operator of foreign cars.

■ This statute is narrowly drawn to fit a need; it provides all the procedural safeguards for due process of law, but is applicable only to a cause of action arising in this state, so a complaint should set out, not only the facts which constitute the cause of action, but also the jurisdictional facts with that degree of certainty which the nature of the matter pleaded reasonably requires, in order that they may be understood by the party who is required to answer; and it is not enough to refer to a jurisdictional fact in an uncertain, doubtful and ambiguous manner as a kind of a general dragnet to meet whatever situation that might arise.

It is apparent the crux of this statute in this connection is the language requiring that the accident or collision must occur while "operating or causing to be operated a motor vehicle in this state. ***" Hence, the importance and necessity of an averment alleging with certainty the locus of the accident.

Statutes providing for constructive or substituted service on non-resident motorists have been held to be limited to accidents or collisions occurring within the state. 61 CJS 155; *Glazier* v. *Van Sant*, 33 F Supp. 113; *O'Brien* v. *Richtarsic*, 2 F. R. D. 42; *Hume* v. *Rogers*, 49 NYS 209; *Clarke* v. *Ackerman*, 243 App. Div. 446, 278 NYS 75.

Do the allegations of plaintiff's complaint aver with sufficient certainty and clarity that the defendant was involved in an accident or collision while operating or causing to be operated a motor vehicle in this state? This is the only question for determination by this court.

■ A statute providing for substituted service must be strictly construed. *Brammall* v. *LaRose*, 105 Vt 345, 349, 165 A 916. However a statute must be so construed as to accomplish the purpose for which it was intended, if it can be done. *State* v. *Tacey*, 102 Vt 439, 442, 443, 150 A 68, 68 ALR 1353; *Brammall* v. *LaRose, supra*; *State* v. *Bromley*, 117 Vt 228, 230, 88 A2d 833.

394

■ The complaint must be construed against the pleader, the plaintiff. *Johnson* v. *Wells-Lamson Co.*, 103 Vt 178, 180, 153 A 203; *Tetreault* v. *Campbell*, 115 Vt 369, 372, 61 A2d 591.

■ The effect of a motion to dismiss is confined to what appears on the face of the record. *Re Everett Estate*, 112 Vt 252, 254, 23 A2d 202; *Holden & Martin* v. *Stuart*, 118 Vt 286, 289, 108 A2d 387; *Hanley* v. *United Steel Workers*, 119 Vt 187, 190, 122 A2d 872.

■ This Court will make every reasonable presumption in favor of the ruling below. *Ricci* v. *Bove's Executor*, 116 Vt 335, 339, 75 A2d 682, and cases cited therein.

■ As seen, the plaintiff alleges the accident occurred on the road leading from Ascutney, Vermont, to Claremont, New Hampshire and while the defendant was traveling from Ascutney, Vermont, *towards* New Hampshire. It is to be presumed that the plaintiff alleged all that he can that is in his favor, and that he has stated his case as favorably to himself as possible. *Crosby* v. *Bouchard*, 82 Vt 66, 69, 71 A 835; 71 CJS 137.

It is well to point out and we again take judicial notice of the fact that Ascutney referred to in plaintiff's complaint is not a township or an incorporated village having geographical limits or boundaries. It was orally argued that Ascutney is a postoffice neighborhood in the township of Weathersfield.

Our attention is called to the fact that nowhere in his complaint has the plaintiff set forth in "brief and simple language" - §1613, V. S. 47 - that the accident here in controversy occurred in the postoffice area of Ascutney or in the town of Weathersfield or in any other town in the state.

The plaintiff contends his use of the word "towards" must be construed together with other allegations of the complaint to mean that defendant was traveling in the town of Weathersfield, Vermont, in the neighborhood of Ascutney postoffice and in the direction of New Hampshire, and that upon leaving Ascutney one would continue on in the town of Weathersfield until reaching the low water mark of the Connecticut River, and that the collision in question, on this premise, must have occurred before reaching the low water mark on the western

bank of the river and, therefore, it must have occurred in the State of Vermont. He says it was error for the lower court to construe the word "towards" to mean "in" or "within".

The plaintiff cites no authorities in support of his contention that his use of the word "towards" solves the jurisdictional problem raised by defendant's motion to dismiss. He does say, however, that "One may travel towards the sun with little danger of singeing his hair in so doing." We do not understand the significance of this statement and it does not appear to be helpful in the solution of the problem before us. We think it is sufficient to say in disposing of this truism that were one to embark upon such an ill-advised journey and on route suffer misfortune for which he sought redress, he should inform the person upon whom liability is sought to be imposed with something more than an isolated word pointing out the general direction of his travel.

In support of his motion the defendant urges that the complaint construed against the plaintiff and in support of the ruling below does not allege that the accident occurred while the defendant was operating or causing to be operated a motor vehicle in this state. He contends the prepositions "from" and "to" are in general, words of exclusion - that is, the terminus with which they are used is to be excluded; that these prepositions "from" and "to" have equivocal meanings in that such words may be used exclusively or inclusively, and that this being so they should be construed as exclusive terms since such a construction would support the ruling of the court below and would be against the pleader.

In the case of *Dailey* v. *Swift & Company*, 86 Vt 189, 199, 84 A 603, involving an employment contract, this court held that the word "from" was capable of a dual meaning, i. e., inclusive and exclusive depending on the context in which it is used.

In the case of *Bonney* v. *Morrill*, 52 Me 252, it was held "To, from or by are terms of exclusion, unless by necessary implication they are manifestly used in a different sense. Such is the rule of construction even in civil cases." "From" an object or "to" an object excludes the terminus referred to. To the same effect see *Break* v. *Young*, 11 NH 485, *Enfield* v.

*Day,* 11 NH 520; *Wells* v. *Jackson Iron Mfg. Co.,* 48 NH 491, 538.

Under another Maine case, *State* v. *Busher,* 84 Me 459, 24 A 940, where the indictment charged transportation of liquor "from Burnham, in the County of Waldo, to Clinton, in the County of Kennebec", and another count "from the Maine Central Railroad depot in Burnham in Waldo County to Clinton and Waterville, in the County of Kennebec", it was held "The transportation was 'to' the town of Clinton, not into or within it. Going to a line is not going beyond it, - it is not crossing the line. The description is of the territory of towns and not of villages or settlements, Kennebec County is excluded from the transportation." See also *Grubb* v. *Auburn Hotel,* 96 Ind App 672, 176 NE 19, 22.

While these cases deal with the prepositions "from" and "to", none are automobile cases. They involve situations in which the place "from" or "to" is a definite, fixed locality. In the case before us, as we have pointed out, the defendant was proceeding, so far as the complaint reveals, not from a fixed locality but from a generalized postoffice area known as Ascutney. Because of this fact the pleading leaves us in doubt as to just where the defendant would be left if the Ascutney terminus is excluded.

Construing the complaint against the pleader, as we have seen we must do, we cannot say he has alleged the accident occurred in this state. At best we have only an argumentative averment. Further we are satisfied that if the accident had occurred in this state the plaintiff would have alleged all that he could in his favor - *Crosby* v. *Bouchard, supra* - and would not have failed to allege, at least with reasonable certainty, the locale of the collision or accident as is customary. To hold plaintiff's complaint in this case adequately and sufficiently alleged that the accident between these parties occurred in the state, would encourage an ingenious concealment in all pleadings of the location of accidents. Plaintiffs in automobile negligence cases rarely possess properties of ubiquity, thus it is not difficult to aver with at least a degree of certainty the place of collisions.

Plaintiff's brief contained the following comment: "See

*Bigelow* v. *Denis*, decided in the May Term, but not yet reported in the Vermont Advance Sheets." We have examined the opinion in this case now reported in 119 Vt 21. It does not support and is not authority for plaintiff's position in the case before us.

If plaintiff were to avail himself of the benefits of §10,062 as amended in effecting service of his process it was incumbent upon him to allege in plain and unmistakeable language that the defendant was involved in an accident or collision while operating or causing to be operated a motor vehicle in this state and to point out the whereabouts in this state. We do not think his complaint does this and it is our opinion the complaint insofar as the averments concerning the locus of the accident are concerned, is too indefinite, uncertain, obscure and insufficient to permit him to avail himself of the benefits of §10,062.

We are mindful the tendency of late has been toward conciseness and simplicity consisting of clear and certain allegations of all that is material, however, we do not think we should relax the rule to such an extent as to encourage loose pleading.

The attempted service upon the defendant was void and of no force or effect. It follows the defendant's motion to dismiss was properly granted.

*Judgment affirmed.*