## Richmond

ANNIE NERO

V.

WILLIAM FERRIS

December 4, 1981.

Record No. 790982.

Present: All the Justices.

*Burton L. Albert (Lutins and Shapiro,* on brief), for appellant.
*Harry F. Hambrick, Jr. (S. D. Roberts Moore; Gentry, Locke, Rakes & Moore,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this civil action, the plaintiff seeks to domesticate a foreign judgment. The proceeding has generated issues involving collateral estoppel and full faith and credit.

On April 26, 1974, plaintiff-appellant Annie Nero, a California resident, was hit by a truck while walking in a crosswalk at a street intersection in San Francisco. She sustained an injury to her lower back and left side. After striking the plaintiff, the truck driver stopped his vehicle momentarily, backed up, and drove from the scene.

In 1975, the plaintiff filed a damage suit in the Superior Court of the State of California, In and For the City and County of San Francisco, against Gleason Refrigerated Services, Inc., a Massachusetts corporation, U-Haul Company, a Virginia corporation, and "Does One Through Ten, inclusive." The "Does" were designated as fictitious parties who were then unknown to the plaintiff and as to whom the plaintiff reserved the right to substitute their true names when known to her. The complaint alleged the corporate defendants owned and operated a large silver-colored truck bearing Virginia license "TR H 403." The pleading further alleged that defendants negligently caused injuries and damages to the plaintiff for which she sought recovery in general damages of $25,000 plus additional amounts to cover medical expenses, lost wages and suit costs.

Subsequently, Gleason filed an answer and U-Haul Company filed a motion for summary judgment. Gleason also filed a cross-claim against U-Haul, Noah Ferris, and appellee William Ferris. Gleason, denying it owned or operated the vehicle in question, alleged that the cross-defendants, all residents of Virginia, owned and operated the vehicle described in Nero's complaint. Gleason further alleged that the cross-defendants' negligence caused plaintiff's damages and it sought judgment against the cross-defendants in the event Gleason was found liable to the plaintiff. The Ferrises were served with process under California's non-resident motorist statutes providing for Notice to the California Director of the Department of Motor Vehicles[1] and subsequent registered mailing to the defendants.[2] The registered mail receipts showed the Ferrises,

---

[1] Section 17451 of the California Motor Vehicle Code provided, in part:

"The acceptance by a nonresident of the rights and privileges conferred upon him by this code or any operation by himself or agent of a motor vehicle anywhere within this state, or in the event the nonresident is the owner of a motor vehicle then by operation of the vehicle anywhere within this state by any person with his express or implied permission, is equivalent to an appointment by the nonresident of the director [of motor vehicles] . . . to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against the nonresident operator or nonresident owner growing out of any accident or collision resulting from the operation of any motor vehicle anywhere within this state by himself or agent, which appointment shall also be irrevocable and binding upon his executor or administrator."

[2] Section 17455 of the California Code provided:

"*Notice by registered mail.* A notice of service and a copy of the summons and complaint shall be forthwith sent by registered mail by the plaintiff or his attorney to the defendant. Personal service of the notice and a copy of the summons and

residents of Roanoke County, received the registered mail in November of 1975. The Ferrises made no appearance in the California proceeding.

Later, the plaintiff, identifying the Ferrises as "Does One and Two," moved for a judgment by default against them. Notices of the plaintiff's Request To Enter Default were sent to the Ferrises by registered mail under the California Code of Civil Procedure[3] and received by them in May of 1976. They still made no appearance in the California proceeding.

A brief hearing was held on the default motion on January 19, 1977, by one of the judges of the Superior Court. The evidence consisted of representations made by plaintiff's counsel. No testimonial evidence was offered to establish personal jurisdiction over either of the Ferrises. Thereafter, default judgments were entered against both Ferrises in the amount of $10,000 plus costs.

Subsequently, the plaintiff filed separate suits in Virginia against each Ferris in the court below in August of 1977 to domesticate the California judgments. Service of process was obtained almost immediately on Noah but William was not served until July 19, 1978, the date of the trial of the action against Noah, William's father.

In the suit against Noah, he took the position that the California judgment was null and void because the California court did not have in personam jurisdiction over him. He asserted that in order for the California court to acquire jurisdiction under the applicable statute, Section 17451, n.1 *supra,* it was necessary for him either to have been the owner of a motor vehicle which caused injury to the plaintiff in California; or to have been the employer of an employee who was operating his motor vehicle which caused injuries to the plaintiff; or to have himself been operating a motor vehicle which caused injuries to the plaintiff. Noah presented evidence at the trial which negated the foregoing jurisdictional facts.

During his trial, at which the plaintiff did not appear, Noah testified that in April of 1974 he owned a tractor-trailer unit and

complaint upon the defendant wherever found outside this State shall be the equivalent of service by mail."

[3] Section 415.30 of the Code provided, in part:

"(a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, . . ."

that William drove the vehicle for him throughout the United States hauling produce. Although the evidence indicated there was a "good chance" William was operating a truck for his father in California in April of 1974, the trial judge specifically found "that neither Noah Ferris nor his son and employee, William Ferris, were in San Francisco, California on April 26, 1974, nor was Noah Ferris or his son and employee, William Ferris, involved in the accident which caused personal injury to the plaintiff." Consequently, the trial court ruled the California court did not have personal jurisdiction over Noah Ferris, decided the default judgment was null and void, and refused to domesticate the judgment in Virginia. That order, entered July 26, 1978, became final and was not appealed.

Thereafter, in the present action against William, the defendant filed a "plea of res judicata or estoppel by judgment." He contended the decision and findings in the suit against Noah that William was not in San Francisco on April 26, 1974 and was not involved in the accident causing injury to the plaintiff were binding on the plaintiff in the present action. Following argument of counsel and filing of memoranda of law, the trial court, in a letter opinion, sustained defendant's plea, and dismissed the suit in a final order entered in April of 1979, from which we awarded plaintiff this appeal.

On appeal, plaintiff contends that the trial court erred in sustaining defendant's effort in the present case, based on the decision in Noah's case, to employ collateral estoppel defensively. Under the doctrine of collateral estoppel, " 'the parties to the first action and their privies are precluded from litigating [in a subsequent suit] any *issue* of fact actually litigated and essential to a valid and final personal judgment in the first action.' " *Norfolk and Western Ry. Co.* v. *Bailey,* 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980), quoting *Bates* v. *Devers,* 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974). But, to be effective the estoppel of the judgment ordinarily must be mutual. Thus, "a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result." 221 Va. at 640, 272 S.E.2d at 218.

Pointing to excerpts from the trial judge's written opinion, plaintiff contends the court erroneously applied the mutuality doctrine to the facts of this case. Plaintiff notes that the trial court said that if the decision in the Noah Ferris case had been in favor

of the plaintiff, then the present defendant, William, "would have been precluded from claiming nonliability." Plaintiff argues the trial court was wrong because "application of the mutuality doctrine presupposes subsequent litigation between the *same parties or their privies.*" And, plaintiff contends, "[i]t is clear that while Noah Ferris was in privity with William Ferris (i.e. Noah's liability was initially derivative from William), it is not true that William was ever in privity with Noah." Therefore, plaintiff continues, since the parties in the present case are different from those in the former case, the trial court "was required to abandon the mutuality doctrine in this case."

The plaintiff has misconstrued the concept of privity in the context of these facts. Under these circumstances, we hold that William Ferris was in privity with Noah Ferris, his employer.

There is no fixed definition of privity that automatically can be applied to all cases involving res judicata issues. While privity generally involves a party so identical in interest with another that he represents the same legal right, a determination of just who are privies requires a careful examination into the circumstances of each case. *Storm* v. *Nationwide Ins. Co.,* 199 Va. 130, 134-35, 97 S.E.2d 759, 762 (1957). Here, as defendant contends, the focus is on the relationship of the Ferrises as it affects the question of jurisdiction of the California court. Just as the tort liability of Noah would have been derivative of the tort liability of William, his agent, the alleged jurisdiction of the California court over Noah, as nonresident, could only have been derived from the jurisdictional fact of William's operation of Noah's vehicle in California. In other words, to support the jurisdictional grounds claimed, the plaintiff would have been required to prove that William as agent operated Noah's vehicle in California. Because of this relationship of the parties vis-a-vis jurisdiction, a finding of no jurisdiction over William necessarily was required for the court to have determined in the first case that California had no jurisdiction over Noah. Hence, we apply collateral estoppel here on the narrow basis of privity and find it unnecessary to consider the invitation of the parties that the issue be decided on a broader ground, the so-called "nonmutuality rule," that would not require a showing of privity. *See, e.g., Parklane Hosiery Co.* v. *Shore,* 439 U.S. 322 (1979); *Graves* v. *Associated Transport, Inc.,* 344 F.2d 894 (4th Cir. 1965); *Bernhard* v. *Bank of America Nat'l Trust & Savings Ass'n.,* 19 Cal.2d 807, 122 P.2d 892 (1942); Annot., 31 A.L.R.3d

1044. *See also Montana v. United States,* 440 U.S. 147 (1979); *Eagle, Star & British Dominions Ins. Co. v. Heller,* 149 Va. 82, 140 S.E. 314 (1927).

Consequently, we hold the plaintiff in the present case is collaterally estopped and is bound by the findings of jurisdictional fact made by the trial court in her former suit against Noah Ferris.

But the plaintiff also argues, alternatively, that even if collateral estoppel applies under these circumstances, the trial court nevertheless erred in failing to domesticate the foreign judgment. Citing well-recognized principles of full faith and credit, the plaintiff contends that the Virginia court in Noah's case and in the present case improperly examined facts beyond the scope of the jurisdictional issue. Plaintiff contends the mere fact that William Ferris admitted operating a motor vehicle on California highways during the month of the accident is sufficient to confer jurisdiction. Plaintiff argues that it is not jurisdictional, under the California nonresident motorist statutes, that the defendant's operation of a motor vehicle on the highways of California must have resulted in the accident giving rise to the action for which in personam jurisdiction is sought. She says that the issue whether defendant was actually involved in the accident is a tort liability issue and the Virginia court is precluded from inquiring into that question, it already having been determined adversely to defendant in California by default. We do not agree.

"The Full Faith and Credit Clause of the Constitution of the United States requires that '[a] judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter.' " *Bloodworth* v. *Ellis,* 221 Va. 18, 21, 267 S.E.2d 96, 98 (1980), quoting *Nevada* v. *Hall,* 440 U.S. 410, 421 (1979). *See* U.S. Const. art. IV, § 1; Code § 8.01-389. Generally, a court being asked to domesticate a foreign judgment may inquire into the foreign court's jurisdiction without offending the Full Faith and Credit Clause. This rule has special force when, as here, the jurisdictional question has not been fully and fairly litigated and finally determined in the court which rendered the original judgment. *See* 221 Va. at 21, 267 S.E.2d at 98. *See also Slaughter* v. *Commonwealth,* 222 Va. 787, 284 S.E.2d 824 (1981), decided today.

Guided by these general principles, we turn to the California nonresident motorist statute to determine the criteria for in personam jurisdiction over nonresident motorists. Section 17451 of

the California Motor Vehicle Code, n.1 *supra,* confers such jurisdiction in actions "growing out of any accident or collision resulting from the operation of any motor vehicle anywhere within this state." Thus the plain language of the statute demonstrates that the mere fact a nonresident operated a motor vehicle within the state is insufficient to confer personal jurisdiction; rather, the alleged operation, in order to be a basis for jurisdiction, must have resulted in the accident that gives rise to the action. This conclusion is supported by the case law of California, see *McDonald* v. *Superior Court,* 43 Cal.2d 621, 275 P.2d 464 (1954), as well as by the case law of other states having similar statutes. *E.g., Stout* v. *Sutton,* 434 S.W.2d 316 (Ky. 1968), and *Emerson* v. *Carrier,* 119 Vt. 390, 125 A.2d 822 (1956).

Consequently, the question whether William Ferris was operating a vehicle that collided with the plaintiff at the time specified was a jurisdictional fact; that finding of the trial court that William was not so involved was a jurisdictional finding, properly made in the course of a proceeding to domesticate this foreign judgment. Thus, finding that an essential jurisdictional element was lacking, the trial court did not err in holding that the attempted service of process through the California Director of Motor Vehicles was void, that the California court lacked jurisdiction over William Ferris, and that the plaintiff was not entitled to domesticate the California default judgment in Virginia.

For these reasons, the judgment of the trial court will be

*Affirmed.*