# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Sexton

v.

Bowen

December 23, 1985

Case No. (Law) LA-2733

By JUDGE AUSTIN E. OWEN

On December 5, 1985, counsel argued in support and in opposition to plaintiffs' Motion for Summary Judgment on the issue of liability. The Court took its ruling under advisement with leave to counsel to file written memoranda.

Counsel for defendant filed a memoranda under date of December 9, 1985, and counsel for plaintiffs under date of December 16, 1985.

The basis of plaintiffs' motion is the contention that the defendant is collaterally estopped from contesting his alleged breach of contract by virtue of the judgment rendered in the Court in an action brought by Marion Philips, Realtor, against the same defendant in LA-13,823.

Plaintiffs contend that Marion Philips was their agent and that they are therefore in privity with a party to the earlier action and that all factors requisite to the application of the doctrine of collateral estoppel are here present. There is no allegation in the Motion for Judgment as to the agency of Marion Philips and no admission from the defendant concerning the same. The purchase agreement attached to the Motion for Judgment merely contains a joint acknowledgment that said agent "was the sole procuring cause" of the agreement.

Even were we to assume that Philips was the agent of plaintiffs, it is obvious that the agency related solely to the sale of property, and had no relationship

to the rights, if any, of plaintiffs arising from defendant's alleged breach of the purchase agreement.

Our Supreme Court held in *Nero v. Ferris*, 222 Va. 807, 813 (1981), that "privity generally involves a party so *identical in interest* with another that he represents the same legal right."

Philips's interest sought to be protected in her suit was the collection of a real estate commission. While plaintiffs had an indirect interest in that claim (as they say it will be obligated for the commission if defendant was not), they had no rights to that commission. Similarly, Philips has no rights to any claims which plaintiffs may have against defendant for the alleged breach. Their rights quite possibly arise from a common cause but their *interests are not in anywise identical.*

Under these circumstances, the doctrine of collateral estoppel does not provide a basis for the granting of Summary Judgment, and the motion therefor is denied.