## CIRCUIT COURT OF FAIRFAX COUNTY

Edward Primoff et al.

v.

Slocum, Boddie & Murry,
Stewart Title Guaranty Co., et al.

November 9, 1994

Case No. (Law) 113798

BY JUDGE THOMAS S. KENNY

This matter is before the court on defendants' motion to determine the sufficiency of plaintiffs' objections to defendants' requests for admissions. For the purpose of asserting collateral estoppel, Defendants, Mid-Atlantic Title, Inc., and Michael Perry, are attempting to establish, by way of requests for admissions, that they had previously been determined not to be agents of Stewart Title Guaranty Company in an arbitration hearing involving plaintiffs and Stewart Title. The arbitrators awarded judgment in favor of Stewart Title on all of plaintiffs' claims, including counts III to VII of plaintiffs' amended motion for judgment. Counts III to VII of the amended motion for judgment incorporated allegations that Stewart Title, acting through its agents, Mid-Atlantic Title and Michael Perry, failed to make an accurate report of title.

Plaintiffs object to the requests, arguing that the admissions sought by defendants are irrelevant and not a proper subject for discovery because collateral estoppel is not applicable in this case. Plaintiffs base their contention that collateral estoppel cannot be invoked by defendants on the following two grounds: (1) defendants were not parties to the arbitration hearing and, thus, are barred by the rule of mutuality from asserting collateral estoppel; and (2) the precise issues actually raised and decided in the arbitration hearing cannot be determined by a preponderance of the evidence.

Defendants previously briefed the application of collateral estoppel to this case in their opposition to plaintiffs' motion to end stay and set trial

date filed on April 19, 1994. At that time, I sustained plaintiffs' motion but reserved to defendants the right to assert the defense of res judicata or collateral estoppel. Defendants have raised the issue again, presenting the identical arguments in their motion to dismiss, scheduled for oral argument on November 17, 1994. Defendants' brief in support of their present motion merely provides an abstract of the memoranda submitted in support of their earlier opposition to plaintiff's motion to end stay and their pending motion to dismiss. After hearing oral argument on the present motion on October 21, 1994, I took the matter under advisement.

Contrary to defendants' assertions in their letter to me, dated November 1, 1994, I do not believe I am abridging their due process rights by deciding the application of collateral estoppel to this case prior to the oral arguments scheduled on defendants' motion to dismiss. Defendants have raised and briefed the same arguments on this subject in three separate motions. After considering the oral arguments and the ample number of briefs submitted on the matter, I sustain plaintiffs' objections to the requests for admissions and find that collateral estoppel is not applicable to this case for the reasons set forth below.

The collateral estoppel bar precludes parties and their privies from litigating any issue of fact actually litigated and essential to a valid, final judgment in a prior action. *Norfolk and Western Ry. Co. v. Bailey*, 221 Va. 638, 640, 272 S.E.2d 217 (1980). According to the principle of mutuality, however, a litigant cannot assert collateral estoppel unless he would have been bound had the prior litigation of the issue reached an opposite result. *Id.* at 640. Despite repeated invitations to abandon this doctrine, Virginia continues to adhere to the mutuality rule. *See, Selected Risks Insurance Co. v. Dean*, 233 Va. 260, 265, 355 S.E.2d 579 (1987).

The Supreme Court of Virginia has remarked on one occasion that the doctrine of mutuality "should not be mechanistically applied when it is *compellingly* clear from the prior record that the party . . . against whom collateral estoppel is asserted has fully and fairly litigated and lost an issue of fact which was essential to the prior judgment." *Bates v. Devers*, 214 Va. 667, 671, n. 7, 202 S.E.2d 917 (1974). While defendants claim the court's dictum in *Bates* as authority for the abandonment of the mutuality rule, they have not been able to provide any Supreme Court decisions upholding the nonmutual defensive use of collateral estoppel in practice.

At oral argument, defendants cited *Nero v. Ferris*, 222 Va. 807, 284 S.E.2d 828 (1981), in response to my request for case law applying the nonmutual defensive use of collateral estoppel in practice. The court in

*Nero,* however, sustained the defensive use of collateral estoppel in that case on the narrow basis of privity, and indeed, explicitly rejected the invitation to decide the matter on the grounds of the "so-called 'nonmutuality rule'." *Id.* at 813. Thus, defendant's reliance on *Nero* as authority for a departure from the mutuality rule is misplaced.

Defendants also claim *Nero* as support for their argument that the requests for admissions are relevant because they relate to the issue of privity. Defendants, however, cannot ask this court to find them in privity with Stewart Title for the purpose of asserting collateral estoppel when they are simultaneously attempting to establish that they are not the agents of Stewart Title.

Defendants, nevertheless, urge this court to follow the *Bates* dictum and depart from the mutuality rule on the grounds that it is compellingly clear from the prior record that the plaintiffs fully and fairly litigated and lost on the issue of defendants' alleged agency relationship with Stewart Title. Defendants argue that Stewart Title's alleged liability in counts III to VII of the motion for judgment is premised on the theory that Stewart Title acted negligently through its agents. Therefore, defendants reason that the arbitrators could not have reached their decision in favor of Stewart Title without making the essential finding that the defendants were not the agents of Stewart Title.

The arbitrators delivered a one-line ruling in favor of Stewart Title and failed to provide any written findings of fact or conclusions of law. Nothing in the decision suggests the basis for their conclusion.[1] Thus, while the arbitrators may have held Stewart Title not liable on the grounds that defendants did not act as its agents, they also may have reached the same conclusion on the alternate finding that the alleged agents were not negligent. Neither side in this case can point to any transcript or record of the proceedings indicating the precise issues considered and determined by the arbitrators. Because I do not find that the prior record is compellingly

---

[1] In a letter of November 15, 1993, Peter Schaumber, the chairperson of the arbitration panel, to Carlos Padilla of the American Arbitration Association, Mr. Schaumber stated that the panel intended to consider the arguments by the Primoff group that Stewart Title is bound by a theory of "agency-by-estoppel." Presumably, this refers to the claims of Mid-Atlantic and Perry's agency set out in counts III through VII. However, there is no record of the arbitration proceeding available that would enable this court to determine, to a "compellingly clear" standard, that the issue was fully and fairly litigated in the course of the arbitration.

clear on the actual issues determined by the arbitrators, I decline defendants' invitation to abandon the mutuality rule in this case.

In sum, the doctrine of mutuality precludes defendants from raising collateral estoppel on the issue of whether they acted as agents for Stewart Title. Defendants were not parties to the arbitration hearing and would not have been bound had the arbitrators reached an opposite result. Therefore, I find that defendants cannot assert collateral estoppel on the grounds first cited by plaintiffs.

As an alternate ground for my decision, I find that collateral estoppel should not apply between the different proceedings of a civil trial and an arbitration hearing when a "want of mutuality" exists. *See Selected Risks*, 233 Va. at 263, where a civil trial and a criminal trial were held to be such different fora that collateral estoppel should not apply. In view of the different procedures and evidentiary rules in civil lawsuits and arbitration proceedings, I believe great caution should be exercised in applying collateral estoppel with respect to non-parties to the arbitration proceeding.

Plaintiffs' objections to the requests for admissions are sustained. Defendants' motion to dismiss based on collateral estoppel, scheduled for oral argument on November 17, 1994, is denied.