## CIRCUIT COURT OF THE CITY OF NORFOLK

Law Office of
Frank Driscoll, Jr.,
P.L.L.C.

v.

Plexus Lending, L.L.C., et al.

July 14, 2009

Case No. (Civil) CL09-2974

BY JUDGE EVERETT A. MARTIN, JR.

On May 14 of last year, Mr. Driscoll, as counsel for Robert McFadden, filed a complaint (CL08-3111) against the defendants herein and others alleging fraud (Count I) and violations of the federal Truth In Lending Act ("TILA") and Home Ownership and Equity Protection Act (Count II). The complaint sought monetary damages, attorney's fees, a declaration that a note and deed of trust McFadden had signed were void (Count IV), and an injunction barring the sale of McFadden's property subject to the deed of trust (Count V). Count III did not involve a defendant to the present suit. A notice of *lis pendens* was filed on the property when the complaint was filed.

By order of September 16, Mr. Driscoll withdrew as counsel for McFadden.

By order of December 5, Judge Doyle dismissed Counts I, II, IV, and V with prejudice. He found that the Counts II, IV, and V were barred by a one-year statute of limitations. It does not seem to be disputed that this was a judgment on the merits. By order of February 27 of this year, Judge Jones released the notice of *lis pendens*.

A scheduling order had been entered on September 30 setting the case for trial on March 30, 2009. On the trial date, no one appeared and Judge Doyle dismissed with prejudice what remained of the suit. No appeal was taken.

In the present suit, filed on May 24 of this year, the plaintiff makes many of the same factual and legal assertions Mr. Driscoll made on behalf of McFadden in the first suit. The plaintiff here seeks to have the deed of trust of Plexus Lending, L.L.C. ("Plexus") on McFadden's property declared void. The plaintiff received its deed of trust on McFadden's property on May 14, 2008, and recorded it the next day. It secures the payment of $9,567.50 of legal fees the plaintiff charged McFadden in the first suit. The plaintiff also seeks an injunction to bar the defendants from foreclosing on Plexus's deed of trust.

Plexus's motion to dismiss states that the plaintiff has filed a notice of *lis pendens* on the property and that Plexus has already foreclosed on its deed of trust. Mr. Driscoll conceded these facts at the June 26 hearing. The motion to dismiss is based on *res judicata* and collateral estoppel.

## Motion for a Nonsuit

At the conclusion of the hearing, counsel for Plexus requested leave to reply to a brief Mr. Driscoll mailed to them on June 25, but which they saw for the first time at the hearing. I granted their request. They submitted their responsive brief later that day. By letter of July 6, Mr. Driscoll moved to take a nonsuit. By letter of July 7, counsel for Plexus objected to the motion for a nonsuit as the case had been submitted.

This matter was "submitted" within the meaning of Code of Virginia § 8.01-380(A) when counsel for Plexus filed their responsive brief on June 26. As it was Plexus's motion, it was entitled to the last word. No leave was given to the plaintiff for further response. The motion for a nonsuit came too late and is denied. *Atkins v. Rice*, 266 Va. 328, 585 S.E.2d 550 (2003).

## Res Judicata

The Supreme Court eviscerated the doctrine of *res judicata* in *Davis v. Marshall Homes*, 265 Va. 159, 576 S.E.2d 504 (2003). The Court thereafter revived the doctrine by the adoption of Rule 1:6. As pertinent to the present motion the rule provides:

> A party [and one in privity with him] whose claim for relief arising from . . . a transaction . . . is decided on the merits by a final judgment, shall be forever barred from prosecuting any second . . . civil action against the same opposing party . . . on any claim or cause of action that arises from that same . . . transaction. . . .

This action is barred if McFadden and the plaintiff are in privity. Rule 1:6(a), (d).

> "privity" means a mutual or successive relationship to the same rights of property, or such an identification in interest of one person with another as to represent the same legal rights, and the term "privy," when applied to a judgment or decree refers to one whose interest has been legally represented at trial.

*Patterson v. Saunders*, 194 Va. 607, 613, 74 S.E.2d 204, 208 (1953), quoting *C.J.S., Judgments*, § 788. "There is no fixed definition of privity that automatically can be applied to all cases . . . a determination of just who are privies requires a careful examination into the circumstances of each case." *Nero v. Ferris*, 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981).

The same day Mr. Driscoll filed the suit on behalf of McFadden, his firm received the deed of trust to secure the payment of its fee. He thereafter remained counsel for McFadden for three months. The relief he sought in Count IV of that case would have released McFadden's property from the lien of the Plexus deed of trust and thereby given his firm greater security for the payment of its fee. Thus, there was no need to make his firm a party to that case.

One does not ordinarily think of a debtor and creditor or an attorney and client as being in privity. However, when, as here, the attorney-creditor represents the client-debtor in an action against a third party that would, if successful, increase the attorney-creditor's security and the client-debtor's equity in the very same property, there is such an identification between them as to represent the same legal rights, and they are in privity.

In determining privity, some courts have considered the control over a first action exercised by a person not a party thereto, but a party to the second action sought to be precluded. *Montana v. United States*, 440 U.S. 147 (1979) (collateral estoppel); *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 317 N.Y.S. 2d 315, 265 N.E.2d 379 (1970) (res judicata). Under the (it is to

be hoped) peculiar facts of this case, such control ought to be considered. Mr. Driscoll, of course, had complete control of the first suit until his withdrawal.

I grant the motion to dismiss.

### Collateral Estoppel

Having granted the motion to dismiss for *res judicata*, there is no need to consider the separate but related ground of collateral estoppel and the preclusive effect of a prior adjudication on an issue of law. *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974).

### Motion for Sanctions

I deny the motion for sanctions. Privity is not easily determined. It requires a consideration of many circumstances. Furthermore, it does appear there is some support in law for the plaintiff's construction of the TILA. *Williams v. Homestake Mortgage Co.*, 968 F.2d 1137 (11th Cir. 1992).

Mr. Sawyer shall prepare the appropriate final order dismissing this suit with prejudice and releasing the notice of *lis pendens*.