# CIRCUIT COURT OF THE CITY OF RICHMOND

Yunus Vohra
and Shree Arihant
of Richmond, Inc.

v.

Jiggar Vora
and Shekar Vora

April 8, 2013

Case No. CL12-4105

By Judge Melvin R. Hughes, Jr.

Before the Court is Defendants' Plea in Bar of Res Judicata, Plaintiffs' request to file an amended complaint, and Defendants' request for attorney's fees. Plaintiff has moved to reconsider the Court's order dated March 29, 2013, which was entered denying Plaintiff's motion. Plaintiff inadvertently failed to appear. The Court's order dated April 9, 2013, vacates the March 29 order. Plaintiffs argued that both the Complaint and the proposed amended complaint assert claims of tortious interference of contract and malicious prosecution. However, Defendants argued, and the Court agrees, these are not clearly pleaded in either pleading. Defendants also asserted the statute of limitations to these claims without having specifically asserted it in advance.

Turning first to Plaintiffs' conspiracy claims pursuant to Va. Code §§ 18.2-499, 18.2-500, which are clearly stated, the Court agrees that these are barred under the doctrine of *res judicata*. The doctrine "bars the relitigation of the same cause of action or any part thereof that could have been litigated *between the parties and their privies.*" *Bates v. Devers,* 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974) (emphasis added). Plaintiffs argued that *res judicata* is inapplicable because the same parties are not involved in the present litigation as were involved in the previous

litigation between Plaintiffs and defendant Jiggar Vora. The subject matter of the previous case was the same as here, the parties' business dealings regarding the lease of a hotel. Pursuant to Rule 1:6(d) the term "party" for the purposes of *res judicata* includes "all named parties and those in privity." In *State Water Control Bd. v. Smithfield Foods*, the Supreme Court stated that:

> Whether privity exists is determined on a case by case examination of the relationship and interests of the parties. The touchstone of privity for purposes of res judicata is that a party's interest is so identical with another that representation by one party is representation of the other's legal right.

261 Va. 209, 214, 542 S.E.2d 766, 769 (2001). In *Nero v. Ferris*, 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981), the Court stated that "privity generally involves a party so identical in interest with another that he represents the same legal right. . . ."

Co-conspirators are in privity with each other as related to any action taken in furtherance of the conspiracy. *See Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 17-18 (1st Cir. 2010); *Gambocz v. Yelencsics*, 468 F.2d 837, 841-42 (3d Cir. 1972); *McLaughlin v. Bradlee*, 599 F. Supp. 839, 848 (D. D.C. 1984). While each of these Federal courts apply the doctrine of nonmutual claim preclusion, not recognized in Virginia, it is clear that other courts recognize that these courts found actual privity in the context of co-conspirators. *See RSM Prod. Corp. v. Freshfields Bruckhaus Deringer US, L.L.P.*, 800 F. Supp. 2d 182, 193-94 (D. D.C. 2011); *Neal v. Summers*, 1993 U.S. Dist. LEXIS 13581, 2-3 (E.D. Pa. Sept. 27, 1993) (unpublished). The underlying facts of this case arise from the same transaction or occurrence as the previous litigation; thus, but for the addition of defendant Shekar Vora, this suit would be barred by *res judicata*. Assuming that Defendants conspired to harm the Plaintiffs' business or business interests, the Plaintiffs here could have and should have brought this claim in the previous litigation as a part of the counterclaim asserted by them against the erstwhile plaintiff there, now defendant, Jiggar Vora. Thus, the alleged co-conspirators in the present litigation, the Defendants, shared sufficiently similar interests in the previous litigation so as to be in privity with each other.

Second, as to Plaintiffs' claims for tortious interference of contract and malicious prosecution, the Plaintiffs will be granted leave to amend their complaint to more succinctly and directly plead those causes of action, at which time the Defendants may raise any additional defenses they may wish at that time. Leave is granted to do so within ten days of entry of the order with any responsive pleadings to be filed seven days following receipt of any amended pleading.