# Wytheville.

## FISHBURNE AND OTHERS V. ENGLEDOVE.

### JUNE 27, 1895.

1. JUDGMENTS—*Evidence.*—In order that a judgment may be evidence against a party in another suit on a different cause of action it must be rendered in a proceeding between the same parties or their privies, and the point must have been involved in both suits and determined on its merits.

2. JUDGMENTS—*Evidence—Distress Warrants—Unlawful Detainer.*—Where rent is payable by the month, and a distress warrant is sued out for rent in arrear, and three months before and two months after suing out such warrant, actions of unlawful detainer are sued out by the landlord against the tenant to recover possession of the leased premises, and there is judgment in both in favor of the defendant, these judgments, although between the same parties, are not evidence that no rent was due at the time the distress warrant was sued out.

3. LANDLORD AND TENANT—*Unlawful Distress—Measure of Damages.*—In an action, under section 2898 of the Code, to recover damages for distraining property for rent not due, in the absence of any charge of fraud, malice, oppression, or other special aggravation, the measure of the plaintiff's damages is compensation for the injury suffered—such damages as are the natural and proximate result of the injury complained of.

4. INSTRUCTIONS—*Conflicting Evidence.*—Where the evidence is conflicting the court, upon request, should give instructions which correctly propound the law according to the different views which the jury may take of the evidence.

5. LANDLORD AND AGENT—*Unlawful Distress by Agent—Liability of Landlord.* A landlord who employs an agent to lease his property and receive the rents is not liable in damages for the act of the agent in unlawfully suing out a distress warrant against the tenant, unless he directed or approved the proceedings had under the distress warrant, or failed to repudiate such proceedings after full knowledge of them.

6. INSTRUCTIONS—*Weight of Evidence.*—In an action to recover for loss of profits in business, where the plea is not guilty, an instruction which

Statement.

assumes that there has been such loss, or which is ambiguous on this point, should not be given.

7. PLEADINGS—*Several Defendants—Separate Pleas—General Verdict for Plaintiff.*—In an action of tort against several defendants for an alleged joint trespass, although they severally pleaded not guilty, there is but one issue submitted to the jury, and a general finding in favor of the plaintiff, without naming the defendants, is a finding against all the defendants.

8. PRINCIPAL AND AGENT—*Special Powers—Exceeding Authority of Principal.* Authority from a landlord to an agent to receive tenants for his property, "receive rents and pay for repairs and insurance," does not authorize the agent to sue out a distress warrant for rent in arrear, and levy it on the property of the tenant.

Error to a judgment of the Circuit Court of the city of Roanoke, rendered October 7, 1893, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Reversed.*

The following declaration was filed:

In the Circuit Court of Roanoke city.

To July rules (first Monday).

"A. D. Engledove complains of T. T. Fishburne, R. H. Fishburne, John Engleby, Joseph T. Engleby, J. B. Fishburne, J. W. Coon, W. K. Andrews and W. O. Booker, who have been summoned to answer said plaintiff in an action of trespass on the case, for this that heretofore, to-wit, on the 12th day of March, 1891, the said plaintiff held, and was in possession of a certain tenement, consisting of the bar-room and dining-room of the Exchange Building, corner of Jefferson street and Salem avenue, in the city of Roanoke as tenant thereof, and the said defendants contriving and wrongfully and injuriously intending to harrass, oppress and injure the plaintiff, on the said 12th day of March, 1891, by color of the statute, wrongfully and injuriously seized, took, and distrained divers goods and chattels of the plaintiff of great value, to-wit, of the value of $975, for certain rent, to-wit: The sum

of $400 alleged to be due to said defendants on the said 12th day of March, 1891, for the rent of said tenement, whereas in truth and in fact at the time of making said distress no rent was in arrear or due to the said defendants for the said tenement, by means whereof the said plaintiff says that he has been obliged to incur and did incur great expense, and was deprived of great gains in his business, and suffered great and heavy losses therein.

"And for this, that heretofore, to-wit: on the 12th day of March, 1891, the said plaintiff held and was in possession of a certain tenement consisting of the bar-room and dining-room of the Exchange Building, corner of Jefferson street and Salem avenue, in the city of Roanoke, as tenant thereof of the said defendants, yet the said defendants, contriving and wrongfully and injuriously intending to harrass, oppress and injure the plaintiff on the said 12th day of March, 1891, by color of the statute and in the name of the Exchange Building Company, wrongfully and injuriously seized, took, distrained and carried away divers goods and chattels of the plaintiff, to-wit: his bar fixtures, consisting of a counter, back bar and mirrors of great value, to-wit: of the value of $975, for certain rent, to-wit: the sum of $400, alleged to be due to the said defendants on the said 12th day of March, 1891, for the rent of the said tenement, whereas, in truth and in fact, at the time of making said distress, no rent was in arrear or due to the said defendants, by means whereof the said plaintiff says that he has been obliged to incur and did incur, great expense, and has been deprived of great gains in his business, and has suffered and sustained great loss therein.

"Nevertheless, the said defendants illegally caused said distress to be made and said goods and chattels to be distrained and carried away against the form of the statute in such case made and provided and to the damage of the plaintiff $10,000, and therefore he brings his suit."

On the trial, numerous instructions were asked for by both plaintiff and defendants. The court holds that instruction No. 4, given at the instance of the plaintiff, and Numbers 1 and 4, given at the instance of the defendants, correctly state the law; and that Numbers 8, 9, 11 and 12 asked for by the defendants, and Number 10, asked for by the defendant Coon, were properly refused. These instructions are as follows, to-wit:

## Plaintiff's No. 4.

"If the jury believe from the evidence that by the terms of lease in this case the plaintiff was to be allowed out of the rent to become due the costs to him of permanent improvements in adapting the building in controversy to his uses, then he had a right to claim the payment of said costs out of said rents. And if they believe from the said evidence that by said contract said plaintiff was to be paid said costs before paying any rent, and was not so paid, then he had the right to claim the same thereafter at any time he might see proper, and if they believe from said evidence that by said contract it was not provided when said costs were to be taken out of the rents, then the plaintiff had the right to elect to take said costs out of said rent whenever he saw proper so to do."

## Defendants' No. 1.

"The court instructs the jury that the defendants cannot be held liable in the action unless the plaintiff shows that they directed or approved the issuing of the distress warrant of March 12, 1891, and the seizure and detention of the plaintiffs' property thereunder, or became aware of the seizure and failed to repudiate it, and if they believe from the evidence that the plaintiff has not shown that any one of the defendants did thus direct and approve the issuing of the distress

warrant and the seizure and detention of the property of the plaintiff thereunder, or that after knowledge of the seizure failures [failed] to repudiate it, then the jury must find such defendants not guilty.''

### Defendants' No. 4.

''The court instructs the jury that if they believe from the evidence that L. H. Simmons rented the property in question to A. D. Engledove for one year from the 15th day of May, 1890, at the price of $100 per month, and that Simmons agreed to allow Engledove for such permanent improvements, to be paid to him at the end of the year and not to be taken out of the rent prior to that time if said Engledove should not longer rent the property; and if they further believe from the evidence that when the distress warrant was sued out, to-wit: the 12th day of March, 1891, the amount of $400 was due and unpaid for rent of said property and the amount for said improvements was not then due, or a sufficient amount to offset said $400 of rents, then they must find for defendant notwithstanding that the value of the improvements may have been greater than the said sum of $400.''

### Defendants' No. 8.

''The court instructs the jury that if they believe from the evidence, that if at the time of suing out of the distress warrant, to-wit, on the 12th day of March, 1891, the amount of rent claimed in said warrant, to-wit, $400 was due, and unpaid by A. D. Engledove, to the owners of the property, then the suing out of the said distress warrant was lawful, and though the jury may believe that the said Engledove, by virtue of his contract with L. H. Simmons, was entitled to an offset upon said rent for improvements, and the amount

of said offsets was at the time of suing out of the distress warrant, in dispute, and though upon a settlement of the matter in dispute the offsets might equal the rent, yet such facts would not render the distress illegal and they must find for the defendant.''

### Defendants' No. 9.

''The court instructs the jury that although they may believe the plaintiff, A. D. Engledove, had a valid off-set for improvements against the rent for which the defendants sued out its distress warrant, and although they may believe the plaintiff could have set off the costs of said improvements against any portion of the rent he desired, yet if they further believe that but for the said setoff the rent claimed would have been due the defendants, then such rent was in contemplation of law due up to the time of the filing of such setoff and the seizure and distress made prior to the pleading of such setoff was not illegal, and they must find for the defendant.''

### Defendants' No. 11.

''The court instructs the jury that although they may believe from the evidence that the plaintiff had the right to set-off against the rent claimed by the defendant the costs of improvements made by plaintiff, yet, if they have a reasonable doubt as to whether or not, under the terms of the contract, the said improvements should be setoff against the first rent that became due, or whether it should be setoff at the end of the year; and if they further believe that the plaintiff and defendant both acted under the construction of the contract, that the improvements should be setoff at the end of the year, then the acts of the parties are to be construed as the true terms of the contract, and they must find for the defendant.''

## Defendants' No. 12.

"The court instructs the jury that if they believe from the evidence that the terms of the contract between L. H. Simmons and the plaintiff, A. D. Engledove, that the costs of any permanent improvements which said Engledove should put upon the property known as the Exchange Building, should constitute an offset against the rent therefor, and if they further believe from the evidence that after the rent for the said building became due, and after the right to claim said offset had accrued to said Engledove, he, the said Engledove, made a promise to pay said rent to the agent whose business it was to collect same, then the issuing of the distress warrant and the levying the same upon the property of the plaintiff for rent due at the time of the issuing of said warrant, was lawful and constitutes no ground of action against the defendant in this cause."

"And the court gave instructions Nos. one to six inclusive, and refused to give instructions Nos. seven to twelve inclusive, to which refusal of the court to give such instructions, the defendants excepted respectively, and pray that their exceptions be signed and sealed and made part of the record, which is accordingly done."

## Defendant, Coon, No. 10.

"The court instructs the jury that under the contract of the 25th day of July, 1890, between T. T. Fishburne, R. H. Fishburne, J. B. Fishburne, L. H. Simmons, J. W. Coon, Jas. L. Engleby, and John Engleby, of the one part, and the Fidelity Loan and Trust Company, of the other part, that neither the Fidelity Loan and Trust Company nor any officer or agent of said company had *and* authority to institute the action of unlawful detainer of the — day of ·——, and of the

— day of —— ——, respectively, nor to sue out the distress warrant proven in this cause nor cause the same to be levied upon the property of the plaintiff, and if they, the jury, believe from the evidence, that if said action of unlawful detainer were instituted and prosecuted and said distress warrant was issued and levied upon the goods of the plaintiff without the knowledge or consent of any of the defendants of this cause, then such defendants shall not be effected by such proceedings or any of them."

*Penn & Cocke, Scott & Staples*, and *Smith & King*, for the plaintiffs in error.

*Griffin & Glasgow*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The defendant in error brought an action of trespass on the case against the plaintiffs in error in the Corporation Court of the city of Roanoke, to recover damages from them on the ground that they had sued out a distress warrant and had it levied upon his property for rent alleged to be due, when in fact there was no rent due and in arrears.

Upon a trial of the cause, judgment was rendered in favor of the plaintiff for $4,000. To that judgment the defendants obtained a writ of error which is now to be disposed of. Many errors are assigned to the action of the trial court, but in the view we take of the case it will be unnecessary for us to dispose of all of them in detail.

The first assignment of error is that the trial court erred in admitting in evidence the records in the action of unlawful detainer brought for the recovery of the leased premises, for the rent of which the distress warrant was sued out. The parties to the writs of unlawful detainer and the parties to

the action of trespass were the same. The records in the unlawful detainer cases were objected to when offered in evidence, but the objections were overruled and the records admitted. Afterwards, the court instructed the jury that they could not consider these records as evidence in fixing the damages in the case, but that they could consider them in determining the question whether or not any rent was due when the distress warrant was levied. Admitting, as is contended by the counsel for the defendant in error, that the question whether or not any rent was due at the time each of the actions of unlawful detainer was instituted was in issue in those cases, still those records were inadmissible as evidence in this case.

In order that a judgment may be evidence against a party in another suit upon a different cause of action, it must be rendered in a proceeding between the same parties or their privies, and the point must be involved in both cases, and must have been determined upon its merits. If the first action is disposed of upon any ground that does not go to its merits, the judgment rendered will not conclude the party. 7 Rob. Pr. 190; Bigelow on Estoppel, 38-39; and Black on Judgments, secs. 504 to 506.

The first of these actions of unlawful detainer was instituted in December, 1890. The distress warrant was taken out in March, 1891.

Although the parties do not agree as to the terms of the lease, there is no question that it was for at least one year, beginning in June, 1890, and that the rent was payable monthly in advance. The determination of the unlawful detainer case brought in December, 1890, admitting that the question, whether or not any rent was then due was involved in that case, could not possibly determine, or be evidence as to the question whether or not any rent was due in March,

1891, nearly three months afterwards, when by the terms of the lease the rents became due monthly during that period.

The second action of unlawful detainer was instituted in May, 1891, and was dismissed before the appearance of the defendants. There was no disposition of it upon its merits. By it nothing was determined or concluded between the parties.

These records were therefore clearly inadmissible in evidence for the purpose for which the court allowed them to be introduced, or for any other purpose, and for such error the judgment complained of will have to be reversed.

Another assignment of error is that the damages assessed by the jury were excessive.

The determination of that question will require an examination of the declaration, and the character of the damages that could be proved under it.

The action brought was not for maliciously taking out a distress warrant without probable cause, and having it levied upon the plaintiff's property when there was no rent due, but it was sued out under section 2898 of the Code, which provides that "if property be distrained for any rent not due, or attached for any rent not accruing, or taken under any attachment sued out without good cause, the owner of such property may, in an action against the party suing out the warrant of distress or attachment, recover damages for the wrongful seizure, and also, if the property be sold, for the sale thereof."

The declaration alleges that the rent claimed to be due, and for which the distress warrant was taken out, was $400; that the property levied on was of the value of $975; that in fact there was no rent due; and that by reason of the taking of the property the plaintiff was obliged to incur, and did incur, great expense, and has been deprived of great gains

in his business, and has suffered and sustained great and heavy losses therein.

There are no allegations in the declaration of such facts as would show that the alleged trespass was accompanied by circumstances of aggravation, nor is there the general allegation of *alia enormia*, under which circumstances of aggravation might be proved as they may when they do not afford a substantial ground of action, but are mere incidents of the trespass complained of. *Faulkner* v. *Anderson*, Gilmer, at page 236-7; *Peshine* v. *Shepperson*, 17 Gratt. 472-3, 489.

Even if it were true, as contended by counsel for defendant in error, that the warrant of distress, the writs of unlawful detainer, and the threats of breaking up his business, were parts of a scheme to drive the defendant out of business, the frame of the declaration would not allow such facts to be proved to, or be considered by, the jury.

When a trespass is committed without fraud, malice, oppression, or other special aggravation, (and this alleged trespass must be so treated under the pleadings in the cause), the object of the law is to give compensation for the injury suffered, and damages are restricted to that object. *Peshine* v. *Shepperson*, 17 Gratt. at page 484.

Tested by this rule, the damages assessed by the jury were plainly excessive.

As the judgment must be reversed and a new trial awarded for other errors, it is not necessary and is perhaps best, for us not to go into a detailed statement of the evidence to show that the damages allowed are excessive. It will be sufficient to say that the evidence wholly fails to show that the damages, which were the natural and proximate result of the trespass complained of, amounted to the sum of $4,000, and that the jury in reaching their verdict must have been influenced by the improper evidence admitted, and by the erroneous

view that there were aggravating circumstances accompanying the alleged trespass which they had the right to consider.

The plaintiffs instruction No. 4, and the defendants' instruction No. 4, which were given, and the defendants' instructions Nos. 8, 9, 11, and 12, which the court refused to give, all referred to the question whether, under the contract of lease, the cost of the permanent improvements, which the plaintiff was authorized to make, was to be treated as a set-off against the rent, or whether the tenant had the right to appropriate the rent as it became due to the satisfaction and payment of the costs of improvement. The contract of renting was not reduced to writing. The parties differed as to what it was. The plaintiff claimed that he was authorized to make the permanent improvements and pay for them out of the rent as it became due, from month to month. The defendants claimed that the plaintiff was to make the improvements at his own expense if he occupied the leased property more than one year, and if he only occupied it one year, then the defendants were to pay for the improvements.

The plaintiff's instruction No. 4 correctly stated the law if the jury were satisfied that the terms of the contract of lease were as contended for by the plaintiff. On the other hand, the instruction of the defendants numbered 4 was a correct statement of the law, if the jury believed that the terms of the contract were as the defendants claimed.

The court properly gave both instructions, and was right in refusing to give defendants' instructions Nos. 8, 9, 11, and 12.

The court did not err in refusing to give instruction No. 10, asked for by the defendant Coon.

Instruction No. 1, given for the defendants, correctly stated the law, that the defendants were not, nor was either of them, liable for damages in this case unless they or he, as the case might be, directed or approved the proceedings had under the distress warrant, or failed to repudiate the proceedings after

full knowledge thereof. If defendant Coon desired a separate instruction upon this point, he was entitled to it as he had put in a separate plea, but the instruction he asked for did not state the law correctly, and was properly refused.

Another error assigned is that the court in giving instruction No. 2 for the plaintiff assumed that his business was a profitable one, instead of leaving that question to the jury.

The language complained of is "Yet the jury may consider the evidence as to what the profits had been for a reasonable time before the levy of the said warrant of distress, in determining the character and extent of the plaintiff's injury, and the amount of damages, if any, to which the plaintiff is entitled." If the instruction does not assume that the plaintiff's business was profitable, it was at least ambiguous, and upon the next trial, if an instruction be requested upon the same point, it should be so framed as to leave the question of whether the business was profitable or not to the jury.

The assignment of error that the verdict of the jury did not respond to all the issues in the cause cannot be sustained. There was only one issue submitted to the jury, and that was whether the defendants were guilty of the trespass alleged in the declaration.

The trespass was alleged to have been committed by them jointly. Whether they pleaded jointly or separately that they were not guilty did not change the issue. If the jury found all guilty, as they did, the verdict was sufficient as they found it, viz: "We, the jury, find for the plaintiff, and assess his damages at $4,000." If they had found that any of the defendants were guilty, the verdict should have been for the plaintiff, and damages assessed against those who were so found, and in favor of such defendant or defendants as were found not guilty. 2 Tuck. Com. 92.

The authority given by the defendants to the Fidelity Trust Company, as its agent, "to receive tenants for, receive rents,

make contracts for (and pay off same), repairs to and insurance upon said building, provided that the said company shall not lease said building or any part thereof for more than one year without first obtaining the consent of the majority of the owners in interest,'' did not authorize that company to take out the distress warrant and have it levied upon the plaintiff's property.    Mechem on Agency, sec. 386.

The defendants' instruction No. 1, as given by the court, correctly stated the law as to what was necessary to make the defendants, or either of them, responsible for the taking out of the distress warrant by the Fidelity Trust Company.

Whether the contract of lease between the plaintiff and the defendants was for one year or for five years, it is not material in determining what, if any, damages, the plaintiff is entitled to in this case, and as the question involved is an important one, and it is not necessary to decide it in order to dispose of this case, we express no opinion upon it.

Without expressing an opinion upon other questions discussed in the petition and briefs of the plaintiffs in error, and which may not arise upon another trial, the judgment must be reversed, the verdict set aside, and a new trial awarded to be had in accordance with this opinion.

REVERSED.