### Richmond

## Robert M. Kesler

## v.

## Emlet Fleetwood Fentress

January 22, 1982.

Record No. 791330.

Present: Carrico, C.J., Cochran, Compton, Thompson, and Stephenson, JJ.

*Robert S. Dorsey (Hofheimer, Nusbaum, McPhaul & Brenner,* on briefs), for appellant.
*Russel R. Stallard* for appellee.

CARRICO, C.J., delivered the opinion of the Court.

In this boundary-line proceeding, the trial court entered judgment on a jury verdict that awarded the plaintiff, Emlet Fleetwood Fentress, title to the land in dispute. In a prior action for trespass involving the same land, the present defendant, Robert M. Kesler, had recovered a judgment for damages against Mrs. Fentress' cotenant. The dispositive question is whether the doctrine of collateral estoppel barred relitigation in the instant proceeding of the issue concerning title.

The trespass action was filed July 11, 1974, by Kesler against Mrs. Fentress and her husband, Sherman A. Fentress. In his motion for judgment, Kesler alleged that he was the owner in fee simple of a tract of land in the City of Chesapeake and that the Fentresses, who owned land nearby, had trespassed on a 12-acre portion of Kesler's property. In their grounds of defense, the Fentresses denied Kesler's allegations, including his assertion that he held fee simple title to the 12-acre parcel in dispute.

In a jury trial of Kesler's action, each side attempted to establish title to the 12-acre parcel. At the conclusion of all the evidence, the trial court dismissed Mrs. Fentress as a party defendant because no evidence showed she had ever gone upon the parcel. The court then instructed the jury to find for Kesler only if it believed that he owned the land in dispute and had a right to its possession. The jury returned a verdict in favor of Kesler against

Mr. Fentress in the sum of $25. Judgment was entered on the verdict; Fentress did not appeal.

On February 11, 1977, the Fentresses filed a motion for judgment against Kesler. In the motion, the Fentresses alleged that there was confusion and uncertainty concerning the boundaries between the properties of the parties, and they sought the "ascertainment and designation of the true boundaries." Kesler filed a plea of estoppel, alleging that the ownership of the land in dispute had been adjudicated in the previous trespass action and that the Fentresses were "precluded and estopped" from litigating the title issue again. The trial court overruled the plea because "the identity of the parties subjected to final judgment in the prior trespass case is not the same as in this cause."

While the boundary-line case was pending, Sherman Fentress died, and the action proceeded in the name of Mrs. Fentress, as surviving joint tenant. At trial, the jury found that the parcel in dispute "is the property of . . . Emlet Fleetwood Fentress." The trial court entered judgment on the verdict, and this appeal followed.

Kesler contends that the trial court erred in overruling his plea of collateral estoppel. On the identity-of-parties issue, Kesler acknowledges that collateral estoppel does not apply unless the two proceedings in question are between the same parties. He argues, however, that in overruling his plea because the identity of the parties was not the same, the trial court "overlooked the *privity* of the two Fentresses, who as husband and wife owned the same property through the same deed and, therefore, satisfied the requirement of identity of parties."

Mrs. Fentress contends that the trial court properly overruled Kesler's plea of collateral estoppel. She argues that she was not a "joint trespasser" with her husband and that his guilt, as established by the judgment in the trespass action, should not be imputed to her.

The question, however, is not whether Mr. Fentress' guilt in the trespass case can be imputed to Mrs. Fentress; rather, the question is whether Mr. and Mrs. Fentress stood in privity with one another in the trespass action so that he represented her interest. In our opinion, this question should be answered affirmatively.

In *Patterson* v. *Saunders,* 194 Va. 607, 74 S.E.2d 204 (1953), we defined the terms "privity" and "privy," in the context of collateral estoppel, as follows:

It is generally held that " 'privity' means a mutual or successive relationship to the same rights of property, or such an identification in interest of one person with another as to represent the same legal rights, and the term 'privy,' when applied to a judgment or decree refers to one whose interest has been legally represented at the trial."

194 Va. at 613, 74 S.E.2d at 208. Given this definition, we believe it is clear that, in the joint ownership of their land as husband and wife, Mr. and Mrs. Fentress stood in privity with one another and that, in the trespass action, he was her privy and legally represented her interest following her dismissal from the action. *See Nero v. Ferris,* 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981).

On the merits of his plea of estoppel, Kesler contends that the title issue was raised and finally determined in the prior trespass action. Therefore, he maintains, the Fentresses were barred from litigating the same issue in the present boundary-line proceeding.

Mrs. Fentress contends that an action of trespass is "only for invasion of present possession, not title," and that trespass "cannot be employed as a substitute for ejectment." She submits that an adverse judgment in a trespass action does not preclude the losing party "from asserting title afterward even though title was placed in evidence, unless the party to be estopped placed title in issue by the pleadings." Mrs. Fentress maintains that a general denial, which she filed in the trespass action, is not sufficient to create a title issue. This sort of denial, Mrs. Fentress asserts, is tantamount to a plea of not guilty, and this court in *Douglas Land Co.* v. *Thayer,* 113 Va. 239, 74 S.E. 215 (1912), held that title could be made an issue in a trespass action only when specifically pleaded, and not by a mere plea of not guilty.

Mrs. Fentress misreads *Douglas Land Co.* The holding she attributes to the court was the view expressed by two justices who concurred in the result. The majority view was expressed in these words:

"The title cannot in some States be regarded as in issue [in a trespass action] except upon a special plea of soil or freehold, or some other equivalent pleading, but when such plea is interposed, or when, without special plea, the rules of practice in the State permit the title to be received in evidence, and to

be considered by the court or jury," (*as is the case in this State*) "and it is in fact received, considered, and made the basis of a verdict and judgment, then that is as conclusively settled as if it had been drawn in question and decided in some other action." [Emphasis added.]

\* \* \* \*

[T]o hold . . . that [the successful party in a prior trespass action] . . . must go through another trial and litigate again the title to the land, because the plea in the [trespass] action . . . was "not guilty," instead of *"liberum tenemetum,"* would be clearly sacrificing . . . substance to form.

113 Va. at 241-42, 74 S.E. at 216.

Furthermore, *Patterson* v. *Saunders, supra,* also cited by Mrs. Fentress, stands for the proposition that where a defensive response denies an allegation of title, the parties are at issue with respect to title. 194 Va. at 610-11, 74 S.E.2d at 207.

Finally, in a recent case discussed by both parties, we stated the rule for determining the impact of a prior judgment upon a later proceeding. In *O. A. Patterson* v. *Rosetta Anderson,* 194 Va. 557, 74 S.E.2d 195 (1953), we said:

To ascertain the scope of the estoppel sought to be asserted, and to determine just what has been adjudicated and between what parties, inquiry may extend to the evidence and instructions as well as to the pleadings and judgment.

194 Va. at 565, 74 S.E.2d at 200.

We look, therefore, to the pleadings, the evidence, the instructions, and the judgment in the prior trespass action to determine whether title to the contested land was there in issue. We believe it is indisputable that title was in issue and that it was tried and finally decided.

Kesler's motion for judgment in the trespass action alleged that he held fee simple title to the land in dispute; the response filed by the Fentresses denied the allegation. Both sides presented extensive evidence on the question of title. Three of the six instructions granted by the trial court dealt with title and squarely presented to the jury the proposition that it could find for Kesler only if it believed he owned the land in dispute. The verdict in Kesler's

favor reflects that the jury made this precise finding, which was then incorporated into the judgment entered for Kesler by the trial court.

For the reasons stated, we hold that the trial court erred in overruling Kesler's plea of collateral estoppel. Accordingly, we will reverse the judgment appealed from, dismiss the motion for judgment filed by the Fentresses, and enter final judgment here in favor of Kesler.

*Reversed and final judgment.*