**Salem**

RACE FORK COAL, et al.

v.

MACK TURNER, et al.

No. 0014-87

Decided December 15, 1987

COUNSEL

Thomas R. Scott, Jr. (Street, Street, Street, Scott & Bowman, on brief), for appellants.

Mark W. Claytor, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellees.

OPINION

**COLEMAN, J.** — This appeal raises the issue whether a statutory employer is bound by an earlier finding by the Industrial Commission that an injury is compensable when the statutory employer was not a party to, had no notice of, and did not participate in the hearing. The commission held that the statutory employer, Race Fork Coal Co., and its insurer, Old Republic Insurance Co., are liable for the temporary total disability payments and medical expenses of the claimant, Mack Turner. The commission's decision was based on a claim that Turner filed against his immediate employer, Travis Coal, and the finding from that earlier hearing that the injury was compensable. We agree with the commission that Race Fork, as the statutory employer, and its insurer, are liable for the prior award without having another opportunity to litigate the issue of compensability. Race Fork, as the statutory employer, was in privity with the claimant's immediate employer and in the absence of fraud or misrepresentation is bound by the finding that claimant's injury arose out of and during the course of his employment.

On April 12, 1984, Mack Turner injured his eye while at work. On August 10, 1984, he filed a claim for temporary total disability and medical benefits against his immediate employer Travis Coal. Because Travis Coal had no record of insurance, the commission joined the Uninsured Employer's Fund. Code § 65.1-148.

Turner did not name Race Fork as an employer in his initial application. Race Fork had no independent notice of the claim or hearing and did not participate in the proceeding. The deputy commissioner held that Turner sustained an injury by accident arising out of and in the course of his employment with Travis Coal. Consequently, he entered an award for Turner against Travis Coal. The record does not contain a transcript of the deputy commissioner's hearing.

On December 6, 1985, the Fund petitioned the commission for rehearing. The Fund sought to declare Race Fork liable for Turner's compensation benefits based on Race Fork's being Turner's statutory employer as defined in Code § 65.1-30. The Fund noted first that Travis Coal had been dissolved and that the Fund would be liable for Turner's award except for the fact that, on the date of the injury, Race Fork was Turner's statutory employer. The commission denied the petition on the ground that it was not timely filed, and the deputy commissioner's award against Travis Coal became final.

On April 3, 1986, the commission corresponded with Race Fork's insurer, demanding payment of benefits due to Turner based on the contention that its insured, Race Fork, was Turner's statutory employer. On April 14, 1986, Turner filed a second application for hearing naming Race Fork as his employer. The commission joined Travis Coal and the Fund as additional defendants with Race Fork and its insurer. Although the deputy commissioner in December 1985 had found that the Fund's claim against Race Fork was not timely, the full commission remanded Turner's claim to the deputy with directions to determine whether Race Fork was a statutory employer and, as such, was responsible along with Travis for the injury. Prior to remand, the Fund paid all accrued medical and compensation benefits due Turner under the first award.

At the remand hearing, Race Fork argued that Turner had not proven an injury arising out of and in the course of his statutory employment, that Turner failed to give Race Fork notice, and that the commission would violate due process if it adopted the findings of the August 1984 hearing between Turner and Travis in which Race Fork did not participate. Turner and the Fund requested that the testimony from the earlier proceeding against Travis, for which no transcript is in the record, be incorporated into this one.

Based on the contract between Travis and Race Fork and Turner's testimony, the deputy commissioner found that Race Fork was Turner's statutory employer, and he directed it to satisfy the earlier award. The full commission affirmed the deputy's findings of fact and conclusions of law. On appeal, Race Fork concedes it was Turner's statutory employer. Race Fork's principal argument is that since it had no notice of or opportunity to be heard in the earlier proceeding, it would be denied due process if the findings of that earlier proceeding were used against it. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (due process clause requires notice and opportunity to be heard).

■ Several settled principles of workers' compensation law guide us in this determination. First, the Workers' Compensation Act is to be liberally construed for the benefit of employees and their dependents. *City of Waynesboro v. Harter*, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985). Further, the commission's construction of the act is entitled to great weight on appeal. *Id.*

■ Generally, only parties to an *in personam* action are bound by a judgment in that action. *Unemployment Compensation Comm'n v. Harvey*, 179 Va. 202, 210, 18 S.E.2d 390, 394 (1942). Nevertheless, a "judgment is conclusive not only upon those who were actually parties to the litigation, but also upon all persons who are in privity with them." 8B Michie's Jurisprudence *Former Adjudication or Res Judicata* § 15 (1977 Repl. Vol.) (citing *Fishburne v. Engledove*, 91 Va. 548, 22 S.E. 354 (1895)). This result follows whether or not the privies are actually parties to the litigation. *See Kesler v. Fentress*, 223 Va. 14, 17, 286 S.E.2d 156, 157 (1982). The binding effect applies to the party and his privies whether he or she be a plaintiff or a defendant. Thus, prior adjudication may be asserted by a privy for its preclusive character in barring litigation, or the privy may wield the prior decision offensively to establish an element of the cause of action. For example, a judgment on the merits in favor of a party charged with the commission of a tort bars a subsequent action against a person legally responsible for and in privity with the alleged tortfeasor if the action is based on the existence of the tort. Michie, *supra* § 15 at 173. Privies are bound by judgments because "privity" means a mutual or successive relationship to the same rights of property. Thus, a privy to a party has had his or

her interest legally represented at trial. *Kesler,* 223 Va. at 17, 286 S.E.2d at 157 (quoting *Patterson v. Saunders,* 194 Va. 607, 613, 74 S.E.2d 204, 208, *cert. denied,* 345 U.S. 998 (1953)).

 Not every legal relationship in which parties have similar interests are in privity. Privity may exist by virtue of a contractual relationship, statutory duty, or operation of law. No definition of privity automatically applies to all cases. "While privity generally involves a party so identical in interest with another that he represents the same legal right, a determination of just who are privies requires a careful examination into the circumstances of each case." *Nero v. Ferris,* 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981). Whether Race Fork was in privity with Travis, and therefore bound by the proceeding between Turner and Travis, turns upon the relationship, interests and the legal rights of the two.

Of central importance to our finding of privity is the statutory relationship, and duty imposed therein, between Travis and Race Fork. Their relationship initially was a voluntary, contractual relationship in which Travis contracted to mine coal for Race Fork, which was in the business of producing and marketing coal. Normally, insofar as many legal claims are concerned, an operator and independent contractor do not have identical interests and are not in privity with one another. Because the work that Race Fork contracted for Travis to perform was part of Race Fork's trade, occupation, or business, Code § 65.1-30 imposed upon their contractual relationship a statutory duty for Race Fork to stand in the identical position of Travis as to workers' compensation insurance insofar as Travis's employees were concerned. By statute, Race Fork's liability as statutory employer was identical to Travis Coal's liability as immediate employer for workers' compensation. *See* Code § 65.1-30. Plainly the interests of the two parties were identical. They stood in the same legal relationship to one another and to the claimant in defending against claimant's application. The statute put Travis and Race Fork in such a position that each represented the same legal right as the other—the right to defend a workers' compensation claim for which each could be liable.

 We also note that Race Fork's liability is secondary to Travis's. Under the statute, liability proceeds on an ascending scale if at the time of the accident the employee was working within the trade or business of each owner or contractor above him or her. *See Sykes v. Stone & Webster Eng'g Corp.,* 186 Va.

116, 122-23, 41 S.E.2d 469, 472 (1947). The statute provides that, though liable to the employee, the statutory employer has the right of indemnity against the immediate employer. Code § 65.1-33. Because the immediate employer will thus bear the ultimate liability, he or she and the insurer ostensibly have the greatest interest in vigorously defending against the claim.

The legal positions of the two parties were identical. Liability for workers' compensation is not based on fault. Indeed, the statute defines "injury" to mean "only injury by *accident* . . . arising out of and in the course of the employment." Code § 65.1-7 (emphasis added). Once the employee proves his or her *prima facie* case, the employer is liable unless procedural defenses are available. There are no defenses against the claimant that are personal to one employer that another could not claim. The statutory employer could not claim, for example, that the immediate employer intentionally injured the employee and that the injury was therefore not compensable under the Workers' Compensation Act since the employee must prove that it was an accidental injury as part of his other prima facie case. We therefore hold that Code § 65.1-30 puts the statutory employer into privity with the immediate employer.

██ Although privity exists, Race Fork as a privy is not bound by the findings of the earlier proceeding unless all parties are bound. Well settled law in Virginia dictates that mutuality must exist to apply principles of collateral estoppel and *res judicata*. *Norfolk & Western Ry. Co. v. Bailey Lumber Co.*, 221 Va. 638, 641, 272 S.E.2d 217, 219 (1980); *Selected Risks Ins. Co. v. Dean*, 233 Va. 260, 264, 355 S.E.2d 579, 581 (1987). "Thus, according to the principle of mutuality, to which there are exceptions, a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issues reached the opposite result." *Norfolk & Western*, 221 Va. at 640, 272 S.E.2d at 218 (citing *Bates v. Devers*, 214 Va. 667, 671 n.7, 202 S.E.2d 917, 921 n.7 (1974)). In this case, if in the first hearing by Turner against Travis the commission had decided that Turner's injury did not arise out of or in the course of his employment with Travis, Turner could not have proceeded afresh against Race Fork on the theory that Race Fork

was the statutory employer.[1] If he had, Race Fork could have raised the findings of the commission as a bar to that proceeding. We find that mutuality exists in these circumstances.

We are not unmindful of the needs of the statutory employer for notice of these actions. The statute imposes a duty upon the employee to give notice of the accident to the employer. Code § 65.1-85. We do not understand the statute to require an employee to determine who may be statutory employers. We decline to create an additional burden on the employee when he or she may have no way of divining who is a statutory employer. We think the statutory employer himself is in a better position to protect himself and to assure himself of notice by simply requiring by contract that his contractors and sub-contractors give him notice of their workers' compensation claims. Further, a statutory employer can require by contract that the immediate employer's insurer must notify him if insurance is cancelled or premiums not paid. By virtue of Code § 65.1-30, Race Fork is charged with knowledge of its potential liability as statutory employer for workers' compensation to Travis's employees. This liability is clear from the most cursory reading of the statute. One purpose of the provision is to protect " 'employees of irresponsible and uninsured subcontractors.' " *Smith v. Weber*, 3 Va. App. 379, 382, 350 S.E.2d 213, 214 (1986) (quoting *Greene v. Spivey*, 236 N.C. 435, 443, 73 S.E.2d 488, 494 (1952)). "The principal contractors and subcontractors should be held financially responsible for all employees because they are able to assure compliance with the workers' compensation statute." *Id.* Owners, operators and contractors are free to choose those with whom they contract or subcontract. The public policy embraced in the Workers' Compensation Act places upon them the responsibility of insisting upon adequate coverage for employees of subcontractors. Otherwise, the beneficent purpose of the Act would be easily frustrated and circumvented by subcontracting every facet of employment. If the operator or contractor fails to assure adequate workers' compensation responsibility, the owner or operator may well incur the financial liability. Each contractor is deemed to know of that potential liability, and each can provide for notice of it by contract.

---

[1] We note that if the claim was timely, Turner could proceed against Race Fork on another theory—for example, that Turner was, in fact, Race Fork's, not Travis's employee—because such a claim would be a new action on new facts and privity would not be an issue.

Therefore, we hold that, with regard to workers' compensation liability, Race Fork was in privity with Travis and is bound by the decision made in the first proceeding. Because the issue of compensability of injury was settled there, Turner was entitled to rely on it in the second hearing and to confine his evidence at the second hearing to showing that Race Fork was his statutory employer. We will not require a claimant to prove his case over again.

Race Fork also argues that Turner and the Fund failed to prove that notice of the accident was given to Race Fork as required by Code § 65.1-85. The Code requires that an injured employee give written notice of the accident to his or her employer. Without that notice, the employee is not entitled to medical benefits or to compensation "unless it can be shown that the employer, his agent or representative, had knowledge of the accident . . . ." Code § 65.1-85. Turner and the Fund urge us to hold that Travis Coal was the agent of Race Fork and thus, notice to Travis Coal was notice to Race Fork. We decline to do so. The relationship of statutory employer does not transform the relationship of independent contractor into that of master/servant or invoke the doctrine of *respondeat superior*. The questions of agency turn upon the contract and operating relationship between Race Fork and Travis. Instead, we hold that Turner complied with the statute when he notified his immediate employer and filed his claim against Travis Coal. Travis litigated questions of injury and liability. Race Fork advanced no claim of fraud or collusion. Had there been a claim of fraud or collusion, Race Fork could have fully litigated them. The subsequent action against Race Fork was to determine the statutory derivative liability only. Because Race Fork was in privity with Travis, Race Fork is bound by the earlier finding of injury and the only issue to be decided is whether Race Fork is the statutory employer, and, as such, liable. This action required no separate notice to Race Fork of the accident.

The commission found, and Race Fork has conceded on appeal that it was Turner's statutory employer. Thus, Race Fork is liable for injuries Turner suffered. Since the Fund has paid Turner's claim, Race Fork must compensate the Fund.

*Affirmed.*

Duff, J., and Hodges, J., concurred.