## CIRCUIT COURT OF ARLINGTON COUNTY

DiNicola

v.

Allstate Ins. Co.

January 8, 1992

Case No. (Law) 91–784–01

BY JUDGE BENJAMIN N. A. KENDRICK

This matter comes before the Court on the defendants' Plea of Collateral Estoppel. The Court has heard oral argument on the issue and has received submissions from counsel.

A brief recitation of the background of this case is in order. In August 1988, the plaintiff was involved in an automobile accident with Jennifer Woodiel who was insured by Allstate. In July 1989, Mr. Healy negotiated a settlement with Allstate and was paid $100,000.00 which he believed to be policy limits. He later learned of the existence of an umbrella policy and subsequently filed suit in the Circuit Court for the City of Alexandria. A jury trial resulted in a $20,000.00 verdict for the plaintiff. In a post-trial evidentiary motion, Judge Swersky found a unilateral mistake on the part of Allstate and ordered that Allstate pay to the plaintiff the $20,000.00 in addition to the $100,000.00 already paid.

The plaintiff has now brought suit in this Court alleging fraud in the procurement of the $100,000.00 settlement negotiated by Allstate. The defendants contend that Judge Swersky has already decided the issue of fraud, and as such, plaintiff's cause of action is barred by the doctrine of collateral estoppel. After careful review, the Court denies the defendants' plea of collateral estoppel.

The Virginia Supreme Court has defined collateral estoppel as:

the preclusive effect impacting in a subsequent action based upon a collateral and different cause of action. In the subsequent cause of action, the parties to the first action

and their privies are precluded from litigating any issue of fact actually litigated and essential to a final judgment. *Greene v. Warrenton Credit Assoc.*, 223 Va. 462, 466 (1982); quoting *Bates v. Devers*, 214 Va. 667, 671 (1974).

The Virginia Supreme Court has held that to determine what has been adjudicated, the inquiry may extend past the pleadings and into the evidence and instructions. *Kesler v. Fentress*, 223 Va. 14, 18 (1982). In granting defendant's plea of statute of collateral estoppel, the *Kesler* court looked to the fact that extensive evidence had been presented on the issue and that jury instructions had been given on the issue in the first trial.

The present case, unlike the *Kesler* case which involved an entire trial, was merely a post-trial evidentiary motion to determine if set-off was appropriate. During the motion, evidence was presented that went to the issue of fraud, but that issue was not fully tried and finally decided. The plaintiff did not have the opportunity to present all his witnesses or documentary evidence. Applying the standard set forth in the *Kesler* case, this Court finds that the issue of fraud was not actually litigated during the post-trial evidentiary motion. As such, the doctrine of collateral estoppel cannot apply.