## CIRCUIT COURT OF FAIRFAX COUNTY

Peppertual Nkansah

   v.

James M. Hostetter et al.

November 16, 1999

Case No. (Law) 180070

BY JUDGE MARCUS D. WILLIAMS

This matter is before the Court on Defendant James M. Hostetter's Motion for Reconsideration in the above-referenced case. On October 15, 1999, the Court overruled Defendant Hostetter's Plea in Bar based on the doctrine of collateral estoppel as to the Plaintiff Peppertual Nkansah's Motion for Judgment. For the reasons set forth in this opinion, the Court denies the Motion for Reconsideration.

### I. *Background*

Plaintiff's Motion for Judgment arose out of a multi-vehicle accident which occurred on November 30, 1997, in Fairfax County, Virginia. Plaintiff, Plaintiff's husband, Yaw Nkansah, and their three children sustained personal injuries as a result of the accident.

On October 7, 1998, Yaw Nkansah filed a Motion for Judgment in General District Court seeking money damages against the Defendants for medical expenses incurred to treat injuries of his three children arising out of the same accident at issue in this lawsuit. At the same time, each of the three children filed a Motion for Judgment through their father and next friend, seeking recovery for their own personal injuries. Mrs. Nkansah was not a party plaintiff in the General District Court action. All four cases in the General

District Court were consolidated for trial on the merits against both Defendants on February 16, 1999.

Yaw Nkansah's van was struck in the rear by Defendant Sirivongxay. At the General District Court trial, Defendant Hostetter argued that the plaintiffs, Yaw Nkansah and his three children, had failed to present sufficient evidence against him to prove that Hostetter's negligence was a proximate cause of the accident and their damages. The presiding judge sustained Defendant Hostetter's Motion to Strike, holding that he was not a proximate cause of the accident. After doing so, the Court heard evidence from Defendant Sirivongxay and returned a verdict in favor of each of the four plaintiffs against Defendant Sirivongxay and entered judgment. This judgment was not appealed and thus became a final judgment.

Plaintiff subsequently filed a Motion for Judgment in this Court to recover for her own injuries sustained as a result of the motor vehicle collision. On October 15, 1999, counsel for Defendant Hostetter argued that the doctrine of collateral estoppel would preclude the Plaintiff from re-litigating whether Defendant Hostetter was a proximate cause of the accident because she stood in privity with her husband. The Court overruled Defendant Hostetter's Plea in Bar.

## II. *Analysis*

Pursuant to Va. Code, § 8.01-36,[1] "any parent" has standing to recover for medical expenses for his or her child. This statute, however, does not create a joint interest in the parents to recover such expenses. In the case at bar, the Defendant failed to prove that Mrs. Nkansah was a parent "who is entitled to recover" for expenditures for the infants involved in this matter. No evidence was presented to the Court that she claimed or authorized her husband to claim any expenses on her behalf. The bills provided with her name on them do not establish that she expended any of her own funds, or funds in which she had a joint interest with her husband. Thus, the Defendant has not proved that Mrs. Nkansah is "entitled to recover."

The case upon which Defendant Hostetter relies, *Kesler v. Fentress*, 223 Va. 14, 286 S.E.2d 156 (1982), is distinguishable from the case at bar. In

---

[1] "Where there is pending any action by an infant plaintiff against a tortfeasor for a personal injury, any parent, or guardian of such infant, who is entitled to recover from the same tortfeasor the expenses of curing or attempting to cure such infant from the result of such personal injury, may bring an action against such tortfeasor for such expenses, in the same court where such infant's case is pending, either in the action filed in behalf of the infant or in a separate action." Va. Code § 8.01-36.

*Kesler*, the Virginia Supreme Court held that in the context of collateral estoppel, "privity" or "privy" means a mutual or successive relationship to the same rights of property, or such an identification in interest of one person with another as to represent the same legal rights. However, that case specifically dealt with joint ownership of land between a husband and wife which automatically created a joint interest as to legal rights in that land. Thus, the court determined that the husband and wife stood in privity with one another and each could legally represent each other's interest.

In the present case, there is no automatic joint or common interest to recover for medical expenses on behalf of their children which arose from the Plaintiff and her husband being the natural parents of their three children. Defendant's construction of Va. Code § 8.01-36 would permit a situation where a parent/spouse sues for recovery of expenses paid from non-marital assets. The parent loses the case. In a subsequent suit by the other parent/spouse, the defendant could assert collateral estoppel against the other parent for his or her personal injuries or claims even though the parents did not share a common or joint interest or claim in the initial action.

Another situation to consider would be where a divorced parent sued. In that case, there would be no joint or common interest in recovery of expenses shared between the natural parents. To construe the statute as giving "any parent" an automatic right of recovery would be overinclusive. The Court does not believe the result urged by the Defendant was envisioned by the legislature when it enacted Va. Code § 8.01-36.

### III. *Conclusion*

In the instant case, Mrs. Nkansah's entitlement to recovery was not proved, and the statute does not automatically place Mrs. Nkansah in privity with her husband. For the reasons articulated herein, the Court denies Defendant Hostetter's Motion for Reconsideration.